Servando ALANIZ, D/B/A Exxon
of Robstown, Appellant,

v.

JONES & NEUSE, INC., Appellee.

No. 13–93–041–CV.

Court of Appeals of Texas,
Corpus Christi.

May 12, 1994.

Rehearing Overruled June 9, 1994.

William J. Tinning, Corpus Christi, for appellant.

John Smith, III, Frank Weathered, Corpus Christi, for appellee.

Before KENNEDY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Servando Alaniz d/b/a Exxon of Robstown recovered against Jones & Neuse, Inc. for damages caused when appellee's truck ran into Alaniz's service station. Alaniz appeals, contending that the trial court erred by rejecting his requested special issue on loss of future profits. We affirm.

The jury awarded Alaniz $21,000 for the cost of repairs, $7,500 for past loss of profits, and $5,000 for mental anguish. Payments already made reduced the repairs award to $3,556.21 and the lost profits award to $2,500, but did not affect the mental anguish award. Alaniz complains, however, that the trial court erred by failing to submit his question on loss of profits in the future. Appellee filed no appeal or cross-appeal.

█ Appellee contends that Alaniz failed to preserve error. Alaniz filed a proposed charge of the court on July 27, 1992. Included under Special Issue No. 2, Element B was the following:

Loss of profits in the past *and loss of profits which the Plaintiff in all reasonable probability will suffer in the future.*

Answer: $_____.

You are instructed that by the term "loss of profits" is meant the difference in the gross revenues of the business less the expenses required to generate that revenue; *and determining whether there are any future loss profits, you may consider the normal increase in business, if any, which might have been expected in light of past development and existing conditions.*

(emphasis ours). The court produced a draft charge which omitted the emphasized elements. Alaniz objected on the record at the charge conference on July 28, 1992.

PLAINTIFF'S COUNSEL: The only objection plaintiff has to the charge, Your Honor, is that we have previously properly tendered, in substantially correct form, Requested Special Issue 2(b) as to loss of profits in the future. We would object to the charge, because that element of damage for loss of profits in the future is not

being submitted to the jury, and we believe it has been raised by the evidence and should go to the jury.

THE COURT: All right. Overruled.

The court submitted the charge without the italicized portion of the proposed question and instruction.

We conduct our review mindful of the supreme court's admonitions in *State Dept. of Highways v. Payne:*

> [W]e do not revise our rules by opinion. (citation omitted). We can, however, begin to reduce the complexity that caselaw has contributed to charge procedures. The procedure for preparing and objecting to the jury's charge has lost its philosophical moorings. There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. The more specific requirements of the rules should be applied, while they remain, to serve rather than defeat this principle.

838 S.W.2d 235, 241 (Tex.1992). The record presents a strong case that Alaniz effectively alerted appellee and the court of his objection and plainly had his proposed alternative rejected. Any desire we might have to analyze whether Alaniz met the purposes of the rules is cooled, however, by the unequivocal language in the rules.

■ Alaniz failed to comply with the rule governing the timing of submitting proposed jury questions which provides:

> Either party may present to the court and request *written* questions, definitions, and instructions to be given to the jury; and the court may give them or a part thereof, or may refuse to give them, as may be proper. Such requests shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time *after* the charge is given to the parties or their attorneys for examination. A request by either party for any questions, definitions, or instructions shall be made *separate and apart* from such party's objections to the court's charge.

TEX.R.CIV.P. 273 (emphasis ours). The plain language of this rule renders Alaniz's proce-

dure ineffective to preserve error. The record reflects that Alaniz submitted the omitted question in writing only as part of a complete proposed charge filed before trial. If we generously construe his action at the charge conference (his objection and specific reference to his requested question) as somehow "reviving" his pretrial written request of the future profits issue, the revived submission was then improperly entwined with his objection. *See Templeton v. Unigard Security Ins. Co.*, 550 S.W.2d 267, 269 (Tex.1977); *Moffett v. Goodyear Tire & Rubber Co.*, 652 S.W.2d 609, 612 (Tex.App.—Austin 1983, writ ref'd n.r.e.). If, however, we look to the pretrial request as the relevant submission to satisfy the separation requirement, the request vanishes because the record reflects no presentation of the request *after* the court presented its draft charge for inspection. We must hold that Alaniz did not preserve error. The rule sets out three requirements for requests—that they be written, submitted after presentation of the draft charge, and submitted separately from any objections. We cannot ignore or revise the plain language of Rule 273. *See Payne*, 838 S.W.2d at 241. Alaniz met, at most, only two of the requirements for requests. His misstep renders his assigned error unpreserved because he failed to properly request a question on which he relied. *See* TEX.R.CIV.P. 278. We cannot reverse. *Id.*

We overrule the asserted error. We affirm the judgment.