Servando **ALANIZ, d/b/a Exxon Robstown, Petitioner,**

v.

**JONES & NEUSE, INC., Respondent.**

No. 94–0767.

Supreme Court of Texas.

April 13, 1995.

Jerry Guerra and William J. Tinning, Corpus Christi, for petitioner.

Frank E. Weathered and John A. Smith, III, Corpus Christi, for respondent.

PER CURIAM.

Servando Alaniz sued Jones & Neuse, Inc. for damages to his Exxon service station caused by one of its trucks. The trial court rendered judgment on a jury verdict awarding Alaniz his repair costs, past lost profits and mental anguish. Alaniz nevertheless appealed, complaining that the trial court erred in refusing to submit his requested jury question on future lost profits. The court of appeals affirmed, holding that Alaniz failed to preserve his complaint. 878 S.W.2d 244.

As trial began, Alaniz submitted to the trial court a complete requested charge which contained on one page a question concerning various elements of damages, including future lost profits. The trial court included that very page in the jury charge, with the references to future lost profits simply redacted. Alaniz objected on the record to the omission, and this was the only objection he made to the charge. The trial court overruled the objection.

■ The court of appeals acknowledged that Alaniz may have preserved his objection for complaint on appeal under our decision in *State Department of Highways v. Payne,* 838 S.W.2d 235 (Tex.1992), since it is obvious that the trial court was fully aware of Alaniz' request and refused it. The court of appeals

declined to follow *Payne,* however, holding instead that Alaniz did not meet the requirements of Rule 273, Tex.R.Civ.P., which states:

Either party may present to the court and request written questions, definitions, and instructions to be given to the jury; and the court may give them or a part thereof, or may refuse to give them, as may be proper. Such requests shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination. A request by either party for any questions, definitions, or instructions shall be made separate and apart from such party's objections to the court's charge.

Specifically, the appeals court faulted Alaniz in three respects: for including his request in a complete charge; for submitting his request before trial and not "after the charge [was] given to the parties"; and for not making his request "separate and apart from [his] objections". 878 S.W.2d at 245.

In each respect the court of appeals erred. First, Alaniz' request was "written" as Rule 273 requires. The rule does not prohibit including the request in a complete charge as long as it is not obscured. Second, to say that a party does not present a request *after* the charge is given to the parties simply because he first submitted it earlier, when the trial court was clearly aware of the request, is too strained a reading of Rule 273. Alaniz raised the issue after the charge was prepared and should not be penalized for also raising it earlier. Third, Alaniz' written request was plainly separate from his oral objection, and the appeals court's view that the two were "improperly entwined", 878 S.W.2d at 245, was incorrect.

The court of appeals also erred in concluding that *Payne* conflicts with Rule 273. In *Payne* we held that a party has preserved error in the jury charge when he has made the trial court reasonably aware of the complaint, timely and plainly, and obtained a ruling. 838 S.W.2d at 241. While *Payne* does not revise the requirements of the rules

of procedure regarding the jury charge, it does mandate that those requirements be applied in a common sense manner to serve the purposes of the rules, rather than in a technical manner which defeats them. Under the reading of Rule 273 *Payne* requires, Alaniz preserved his jury charge complaint.

■ We therefore disapprove the court of appeals' opinion. We conclude, however, that Alaniz' complaint is without merit. He neither pleaded nor offered legally sufficient evidence of lost future profits to support submission of a jury question on these damages. Accordingly, Alaniz' application for writ of error is denied.