Robert E. Motsenbocker, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Inc., Odessa, for Appellant.

Abner Burnett, Burnett & Burnett, Inc., Odessa, Larry Zinn, San Antonio, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

**PRIDE PETROLEUM SERVICES, INC., Appellant,**

v.

**Jerry CRISWELL, Appellee.**

No. 08–95–00023–CV.

Court of Appeals of Texas, El Paso.

March 7, 1996.

Published in Part Pursuant to Tex.R.App.P. 90.

Rehearing Overruled April 24, 1996.

### OPINION

CHEW, Justice.

Pride Petroleum Services, Inc. ("Pride") appeals a personal injury judgment rendered in favor of Jerry Criswell ("Criswell") after a jury trial. Pride appeals on four points of error, the first point being that the trial court erred in allowing Criswell to testify as an expert when he had not been designated as such, and the remaining three points of error being that the trial court erred in overruling Pride's motions for directed verdict and judgment notwithstanding the ver-

---

dict. We affirm the judgment of the trial court.

Criswell was injured while working on a gas well located in Crane, Texas and owned. by Union Texas Petroleum. Criswell was an employee of Wayne's Spooling Service, an independent contractor of Union Texas. He was in charge of a well service crew.

Criswell was injured while servicing the well which had received a "treatment," the injection of an acid solution into the well bore tubing to restore the well's gas flow. Union Texas hired B.J. Hughes to treat the well. When the gas flow stopped after the treatment, Union Texas hired Pride to swab the well or remove fluids in the well bore, including the treatment solution, to restore gas flow. Criswell and his crew arrived at the well to reconnect the flow lines from the well shortly after Pride had finished the swabbing process. They immediately noticed a spilled substance surrounding the wellhead. One crew member slipped in the substance when he tried to walk up to the wellhead. The crew then threw dirt on the boards surrounding the wellhead so they could work around it. Criswell began work on the wellhead but slipped and fell head first into the wellhead. The jury found that Pride and Union Texas were each 50 percent negligent.

## Part I

■ Prior to discussion of the specific points of error brought, we first address the issue of whether a ruling denying an oral motion for directed verdict appearing in the statement of facts is sufficient to preserve error. Criswell has questioned whether Pride preserved any error in his last three points of error, referring to other courts of appeals that have held that an order overruling a motion for directed verdict must appear in the judgment or be recited in a separate formal written order to properly preserve error. See *Wal–Mart Stores, Inc. v. Berry,* 833 S.W.2d 587, 590 (Tex.App.—Texarkana 1992, writ denied); *Western Co. of North America v. Southern Pacific Transportation Co.,* 819 S.W.2d 952, 956 (Tex.App.—Austin 1991, no writ); *Soto v. Southern Life & Health Ins. Co.,* 776 S.W.2d 752, 754 (Tex. App.—Corpus Christi 1989, no writ); *Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 145 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Southwestern Materials Co. v. George Consol. Inc.,* 476 S.W.2d 454, 455 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

TEX.R.APP.P. 52(a) provides:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make.... It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.... It is not necessary to formally except to rulings or orders of the trial court.

TEX.R.APP.P. 52(c)(10) provides:

Anything occurring in open court or in chambers that is reported and so certified by the court reporter may be included in the statement of facts rather than in a formal bill of exception....

In accord with Justice Cohen's concurring opinion in *Sipco Services Marine, Inc. v. Wyatt Field Service Co.,* 857 S.W.2d 602, 608 (Tex.App.—Houston [1st Dist.] 1993, no writ), we do not see why an oral ruling on a motion for directed verdict that is fully recorded in the statement of facts will not preserve error.

Pride made a detailed, lengthy oral motion for directed verdict that was overruled by the trial judge. Pride's oral motion and the trial court's ruling occurred in open court, were recorded, and are included in the statement of facts. We read the rules to plainly mean that is sufficient. We see no purpose for a written order to memorialize a fully recorded motion and oral ruling and, moreover, feel that the rules enjoin such a requirement. We therefore decline to follow those courts who hold otherwise, and we conclude that an oral ruling on a motion for directed verdict that is fully recorded in the statement of facts does preserve a complaint for appellate review. We further conclude here that Pride properly preserved its complaint of the trial court's ruling on it's motion

for directed verdict. TEX.R.APP.P. 52(a) and (c)(10).

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We affirm the judgment of the trial court.