Bruce & Vicky Perryman v. Scott Beaty















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-311-CV

     BRUCE PERRYMAN
     AND VICKY LEAH PERRYMAN,
                                                                         Appellants
     v.

     SCOTT DEAN BEATY,
                                                                         Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 99-1289-3
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from a jury trial for trespass, negligence, and intentional infliction of
emotional distress. The trial court rendered judgment on the verdict for the defendant. The
plaintiff brings this appeal. We affirm the trial court’s judgment.
I. Background
      Bruce and Leah Perryman owned two dogs. One night the dogs were on the Perrymans’
property, enclosed by a four-foot chain link fence, when a stray dog jumped the fence and attacked
them. The Beatys lived on the adjoining piece of property and heard loud, strange cries coming
from the Perryman land that night. Scott Beaty, the grown son of the Beatys, was visiting his
parents and decided to investigate the cries. Beaty had been a military policeman for over a year
in the Marines, before transferring to the Army, and was therefore trained in the use of firearms. 
He grabbed a flashlight and a loaded gun and went next door. What he found was a terrible scene. 
The stray dog had attacked one of the Perrymans’ two dogs and that dog was lying, injured, with
its head stuck in a wrought-iron railing. There was so much blood that Beaty could smell it when
he approached. Beaty jumped over the chain link fence and walked closer to the injured dog. He
heard growls and shined his flashlight in the direction of the noise. He saw the stray dog and the
Perrymans’ other dog running towards him. Beaty ran towards the fence and jumped back over
it. The two dogs kept charging and he shot each one as it attempted to clear the fence. The stray
dog turned after being shot, jumped over the fence on the other side of the yard, and ran away. 
The Perrymans’ dog lay where it had fallen and was later shot and killed by a police officer in
what the officer described as an act of mercy. 
II. Procedure
      Perryman sued Beaty for intentional infliction of emotional distress, negligence, and trespass. 
The case proceeded to trial and the jury found that Beaty was not a trespasser on the Perryman
property that night. In addition, the jury answered five other questions:
1) Was Scott Beaty’s entry onto the Perrymans’ property justified?...........Yes
2) Was the negligence, if any, of Scott Beaty a proximate cause of the death of the
Perrymans’ dog?..............No
3) What was the market value, if any, of the Perrymans’ dog in McLennan County,
Texas at the time of the occurrence in question?..................$50
4) At the time of the occurrence in question what was the reasonable special value of the
Perrymans’ dog, taking into consideration the feelings of the owners for such dog? In
answering this question do not include any amount for mental anguish, if any, suffered
by the Perrymans...................$5,000
5) What amount of money, if any, if now paid in cash, would fairly and reasonably
compensate the Perrymans for mental anguish, if any, that they suffered as a result of the
death of their dog?.........................$0
The trial court rendered judgment for Beaty and ordered that Perryman take nothing.
      Perryman appeals eight issues to this Court. The first is whether the trial court erred by not
granting Perryman an instructed verdict on the question of whether Beaty was a trespasser that
night, or alternatively, whether the evidence was legally insufficient to support a finding that Beaty
was not a trespasser. The second is whether the trial court erred as a matter of law by submitting
a jury question on a necessity, or justification, defense to that trespass. Perryman then submits
two issues that address the legal and factual sufficiency of the evidence supporting the jury’s
answer to the necessity question, and two issues that address the legal and factual sufficiency of
the evidence supporting the jury’s answer to the negligence question. The final two issues are
concerned with whether the trial court erred as a matter of law by refusing Perryman’s submission
of jury questions on conversion and gross negligence, or alternatively, by refusing to grant leave
to Perryman to file a trial amendment after the close of evidence, thereby not allowing a jury
question on conversion or gross negligence.
      Beaty responds by raising an alternative ground for affirming the trial court’s judgment and
denying recovery to Perryman. Because Beaty obtained a favorable judgment on the verdict, he
may now raise such an independent ground for affirmance in this Court. See Oak Park
Townhouses v. Brazosport Bank of Texas, N.A., 851 S.W.2d 189, 190 (Tex. 1993). Beaty argues
that there was no evidence to support the jury findings of market value or special value for
Perryman’s dog. We sustain Perryman’s first issue and hold that Beaty was a trespasser as a
matter of law, but, for the reasons explained below, we affirm the trial court’s judgment.
III. Trespass
      In his first issue, Perryman argues that the trial court should have granted his oral motion for
an instructed verdict and ruled as a matter of law that Beaty was a trespasser. Beaty argues that
this complaint was not sufficiently presented or preserved. Further, Beaty argues that there was
legally sufficient evidence to create a fact issue about whether Beaty was a trespasser.
a. Preservation of objection
      There is no requirement that a motion for an instructed verdict be a written one. Tex. R. Civ.
P. 268; Pride Petroleum Servs., Inc. v. Criswell, 924 S.W.2d 720, 721 (Tex. App.—El Paso
1996, writ denied). It must, however, state the specific grounds for the motion. Tex. R. Civ. P.
268. In order to preserve the objection, there is no requirement that the trial court must
memorialize in a written order a fully recorded motion and oral ruling. Tex. R. App. P. 33.1(a);
Criswell, 924 S.W.2d at 721. Perryman specifically objected to the submission of a jury question
on trespass and argued to the trial court that trespass had been established as a matter of law. The
trial court overruled his objection. We hold that this was sufficient to preserve Perryman’s
objection.
b. Trespass — rule of law and application
      This Court has previously stated that a proper definition of “trespasser” is:
one who enters on the property of another without having consent of the owner. To
constitute a trespass, entry upon another’s property need not be in person but may be
made by causing or permitting a thing to cross the boundary of the premises. Every
unauthorized entry upon land of another is a trespass and the intent or motive prompting
the trespass is immaterial.

Watson v. Brazos Elec. Power Co-op, Inc., 918 S.W.2d 639, 646 (Tex. App.—Waco 1996, writ
denied). Not only is intent immaterial, the question of whether damage was done is immaterial. 
Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 827 (Tex. 1997) (citing McDaniel Bros.
v. Wilson, 70 S.W.2d 618, 621 (Tex. Civ. App.—Beaumont 1934, writ ref’d)). Beaty admitted
that he entered Perryman’s land uninvited. We hold that as a matter of law, Beaty was a
trespasser. Therefore, we sustain Perryman’s first issue.
IV. Necessity Defense
      In his second issue, Perryman argues that the trial court erred in submitting a question to the
jury on a necessity, or justification, defense to the trespass. His argument to this Court is that in
order to deserve a question on a necessity defense, Beaty would have to admit the trespass. In
support of this proposition, Perryman points us to criminal law, specifically Chapter 9 of the
Texas Penal Code and its interpretative case law. Tex. Pen. Code Ann. § 9.22 (Vernon 1994);
Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999).
      The Supreme Court of Texas has stated that there “should be but one test for determining if
a party has preserved error in the jury charge, and that is whether the party made the trial court
aware of the complaint, timely and plainly, and obtained a ruling.” State Dept. of Highways &
Public Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). In this case, Perryman argued to the
trial court that a jury question on the necessity defense should not be submitted to the jury because
Beaty’s “own voluntary conduct cause[d] the actions.” Perryman did not argue that Beaty would
have to admit to the trespass before the necessity defense would be available to him. We hold that
Perryman waived this argument by not making it to the trial court. Tex. R. App. P. 33.1(a). We
overrule Perryman’s second issue.
V. Necessity finding — legal and factual sufficiency
      In his next two issues, Perryman challenges the legal and factual sufficiency of the evidence
supporting the jury’s finding of a necessity defense for Beaty.
a. Legal sufficiency — standard of review
      When the party complaining of legal sufficiency did not have the burden of proof at trial, as
in this case, we conduct our review by considering only the evidence and inferences that support
the finding, and disregard contrary evidence and inferences. Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995). We can find the evidence legally insufficient if: 1) there is
a complete absence of evidence for the finding; 2) there is evidence to support the finding, but
rules of law or evidence bar the court from giving any weight to the evidence; 3) there is no more
than a mere scintilla of evidence to support the finding; or 4) the evidence conclusively establishes
the opposite of the finding. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (citations omitted).
b. Factual sufficiency — standard of review
      When the party complaining of factual insufficiency did not have the burden of proof at trial,
as in this case, we conduct our review by considering all the evidence in the record both for and
against the finding, and we can find the evidence factually insufficient only if we conclude that the
finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Checker Bag Co. v. Washington, 27
S.W.3d 625, 633 (Tex. App.—Waco 2000, pet. denied). We may not pass upon the witnesses’
credibility or substitute our judgment for that of the jury, even if the evidence would clearly
support a different result. Checker Bag, 27 S.W.3d at 633. Reversal could occur because the
finding was based on weak evidence, or because the proponent’s proof, although adequate if taken
alone, is overwhelmed by the opponent’s contrary proof. Id. (citations omitted). If we find the
evidence to be factually sufficient, we are not required to detail all the evidence supporting the
finding. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998) (citations omitted). 
However, if we find the evidence to be factually insufficient, we must detail all the evidence
relevant to the issue and clearly state why the finding is so against the great weight and
preponderance of the evidence that it is manifestly unjust. Id.
c. Necessity finding — legal and factual sufficiency
      Perryman first argues that the evidence is legally insufficient to support a necessity defense
because Texas case law does not recognize a defense of necessity to trespass in a civil lawsuit. 
We disagree. At least one other court of appeals has stated that an “entry upon the land of another
may be justified by necessity.” Buffalo Marine Serv., Inc. v. Monteau, 761 S.W.2d 416, 420
(Tex. App.—Houston [14th Dist.] 1988, no writ). Section 197 of the Restatement of Torts
describes the privilege of private necessity:
(1) One is privileged to enter or remain on land in the possession of another if it is or
reasonably appears to be necessary to prevent serious harm to . . . (b) the other or a third
person, or the land or chattels of either, unless the actor knows or has reason to know
that the one for whose benefit he enters is unwilling that he shall take such action.

Restatement (Second) Torts § 197(1)(b). In fact, the Restatement contains an illustration that
is particularly instructive: A enters B’s burning kennels to save B’s dogs from the flames. A’s
entry on the land is privileged, and A is not liable for reasonably necessary harm. Id. § 197 cmt.
j. We hold that there is a defense of necessity to trespass in civil cases.
      Next, Perryman argues that the evidence is legally and factually insufficient in this case to
support the jury’s finding of necessity, or justification. The justification instruction, which was
not objected to by either party, was as follows:
The conduct of a person is justified if a reasonable person under the same or similar
circumstances would reasonably believe the conduct is immediately necessary to avoid
imminent harm, and the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented by
the law forbidding entry onto the land of another without permission.

The jury heard evidence that Beaty heard shrill cries, wailing, and “distressful hollering that
sounded like a human being attacked.” When he reached the Perryman property, he saw an
injured dog, blood on the wall of the house, the patio, and the surrounding grass. Beaty testified
that there was so much blood at the scene that he could smell it. Perryman points to the fact that
Beaty knew that the police were being called to the scene, as evidence that his entrance onto the
Perryman land was unnecessary. Without deciding the correctness of the submitted jury
instruction, we hold the evidence legally and factually sufficient to support the jury’s finding that
Beaty was justified in his trespass on Perryman’s land. Accordingly, we overrule Perryman’s
issues three and five.
VI. Negligence finding — legal and factual sufficiency
      In Perryman’s next two issues, he challenges the legal and factual sufficiency of the evidence
supporting the jury’s finding on negligence.
a. Legal sufficiency — standard of review
      When the party that had the burden of proof at trial complains of legal insufficiency of an
adverse finding, as in this case, that party must demonstrate that the evidence establishes
conclusively, i.e., as a matter of law, all vital facts in support of the finding sought. Dow
Chemical Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). We first examine the record for
evidence supporting the adverse finding, ignoring all evidence to the contrary. Id. If more than
a scintilla of evidence supports the adverse finding, our inquiry ends. Id. “More than a scintilla
of evidence exists where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.” Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995) (citations omitted).
b. Factual sufficiency — standard of review
      When the party complaining of the factual sufficiency of the evidence had the burden of proof
at trial, as in this case, it must demonstrate that the adverse finding is contrary to the great weight
and preponderance of the evidence. Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001). We weigh all the evidence, and we can set aside the adverse finding only if it is so against
the great weight and preponderance of the evidence that it is clearly wrong and unjust. Id. In
doing so, we must detail the evidence and state in what regard the contrary evidence greatly
outweighs the evidence in support of the adverse finding. Id.
c. Negligence finding — legal and factual sufficiency
      Perryman argues that there is no evidence to support the jury’s refusal to find negligence was
a proximate cause of the dog’s death. Both Perryman and Beaty argue extensively about whether
Beaty’s actions were a proximate cause of the dog’s death. The police officer who fired the final
shot that ended the dog’s life testified that he did so only to end the dog’s suffering and that he
would not have shot the dog if he had thought the dog would have been able to recover from the
wound inflicted by Beaty. The question here is not whether Beaty’s actions were a proximate
cause of the dog’s death; they clearly were. The question is whether Beaty acted negligently. The
jury found that Beaty was justified in entering the Perryman property that night. We must then
look to see if Beaty’s actions, once on the property, were negligent. The negligence definition
provided to the jury was as follows:
“Negligence” means failure to use ordinary care, that is, failing to do that which a person
of ordinary prudence would have done under the same or similar circumstances, or doing
that which a person of ordinary prudence would not have done under the same or similar
circumstances. “Ordinary care” means that degree of care that a person of ordinary
prudence would use under the same or similar circumstances.

Beaty testified that he ran from the charging dogs and jumped over a four-foot fence to attempt
to escape them. He further testified that the dogs did not end their pursuit, but rather, attempted
to jump and climb over the chain link fence, and came close to succeeding. The dogs had blood
on their coats and were growling at Beaty. He had seen the results of at least one of the dog’s
previous attacks. There is not only more than a scintilla of evidence supporting the jury’s finding
on the negligence question, we hold that the evidence is factually sufficient to support the jury’s
finding that Beaty was not negligent in his actions leading to the death of the dog. Accordingly,
we overrule Perryman’s issues four and six.
VII. Conversion and gross negligence issues
      In his final two issues, Perryman complains that the trial court erred by not submitting his
proposed jury questions on conversion and gross negligence. Alternatively, Perryman argues that
the trial court abused its discretion by refusing Perryman’s trial amendment after the close of
evidence, thereby not allowing jury questions on conversion or gross negligence. Beaty counters
with the argument that Perryman’s objection to the omission of the jury questions was not properly
preserved. Further, Beaty argues that Perryman’s trial amendment was properly refused by the
trial court because it attempted to add new causes of action and therefore was prejudicial on its
face. Because of the jury finding of no liability due to negligence on the part of Beaty, we need
not consider Perryman’s complaint regarding the issue of gross negligence. See Burk Royalty Co.
v. Walls, 616 S.W.2d 911, 922 (Tex. 1981). We overrule Perryman’s issue eight. We will,
however, examine the omission of a jury question on the issue of conversion.
a. Preservation of error on omitted question
      Perryman submitted a proposed jury charge before the trial began. This charge included a
jury question on conversion. The trial court omitted this question in its charge and Perryman
orally objected to the omission at the charge conference. The trial court overruled the objection. 
This is almost exactly the situation found in Alaniz v. Jones & Neuse, Inc. 907 S.W.2d 450 (Tex.
1995). In Alaniz, the Supreme Court of Texas held that Alaniz had properly preserved his
objection to the trial court’s omission in the charge by submitting his request in a complete
proposed charge at the beginning of the trial — “as long as it is not obscured” — and then raising
the objection orally after the trial court had prepared its charge. Id. at 451. The Supreme Court
stated that a party “should not be penalized for also raising [its objection] earlier,” and that
Alaniz’ written request was clearly separate from his oral objection. Id. Likewise, we hold that
Perryman preserved his objection to the omission of this question from the charge.
b. Omission of question — rule of law
      Rule 278 of the Texas rules of Civil Procedure requires a court to submit questions to the jury
“which are raised by the written pleadings and the evidence.” Tex. R. Civ. P. 278. The Supreme
Court has interpreted this as a “substantive, non-discretionary directive” to trial courts, requiring
them to submit requested questions to the jury if the pleadings and evidence support them. Elbaor
v. Smith, 845 S.W.2d 240, 243 (Tex. 1992). The question in this case would appear to be whether
the pleadings support the requested submission.
      The Supreme Court has held that, absent special exceptions, a “petition should be construed
liberally in favor of the pleader.” Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) (citing Roark
v. Allen, 633 S.W.2d 804, 809 (Tex. 1982)). The Supreme Court further states that a cause of
action may be inferred from that which is specifically stated even when an element is not
specifically alleged. Id. But, when an entire cause of action is omitted the Supreme Court has
held that the petition did not give the defendant fair notice that the plaintiff was going to seek to
recover under that separate cause of action. Id.
c. Application
      In Perryman’s First Amended Original Petition, he puts forth three causes of action: 1)
intentional infliction of emotional distress; 2) negligence; and 3) trespass. In his proposed jury
charge, he submitted an additional jury question on conversion. We hold that his petition did not
give Beaty fair notice that he would seek to recover under this separate cause of action, and
therefore his pleadings did not support a jury question on conversion. Accordingly, the trial court
did not err by refusing to submit this jury question.
d. Trial amendment — rule of law
      The rules of Civil Procedure require the trial court to allow amendment of the pleadings
unless: 1) there is a showing of surprise by the opposing party; or 2) the amendment is prejudicial
on its face. See Tex. R. Civ. P. 63, 66; Parker v. Parker, 897 S.W.2d 918, 927 (Tex. App.—Ft.
Worth 1995, writ denied); Trailways, Inc. v. Clark, 794 S.W.2d 479, 492 (Tex. App.—Corpus
Christi 1990, writ denied). If either of these factors is present, the decision to permit or deny the
amendment is within the discretion of the trial court, and may be reversed only if there is a clear
abuse of discretion. Parker, 897 S.W.2d at 927. The fact that an amendment asserts a new cause
of action or defense makes it prejudicial on its face. Id. Further, it is not an abuse of discretion
for a trial court to deny a trial amendment in the case of lack of diligence. Trailways, 794 S.W.2d
at 492; In re Marriage of Loftis, 40 S.W.3d 160, 164 (Tex. App.—Texarkana 2001, no pet.). If
the amendment is not based on any newly discovered facts, but rather on matters that appear to
have been known by the party seeking the amendment, the trial court does not abuse its discretion
in disallowing the amendment. Trailways, 794 S.W.2d at 492; Loftis, 40 S.W.3d at 164.
e. Application
      Perryman appears to have contemplated seeking recovery from Beaty under a theory of
conversion from the beginning of the trial. He submitted a question on conversion in his proposed
jury charge, which was submitted before the jury was empaneled. Yet, he did not attempt to
amend his pleadings until after the close of the evidence. We hold that the trial court did not abuse
its discretion in refusing to grant leave to Perryman to file his trial amendment. We further hold
that there was no trial by consent in this case. Evidence to support a theory of conversion in this
case was also relevant to theories of trespass, negligence, and the subsequent injury. Therefore,
the presentation of such evidence did not put Beaty on notice that Perryman was seeking to recover
under such a theory. See Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993). This did not
constitute trial by consent. We overrule issue seven.VIII. Conclusion
      We sustain Perryman’s first issue and hold that Beaty was a trespasser as a matter of law. 
But, because of the jury’s finding on necessity, Beaty was not liable to Perryman for this trespass. 
We overrule the rest of Perryman’s issues. Because of our disposition of Perryman’s complaints,
we need not consider Beaty’s cross-points. We affirm the trial court’s judgment.
 
                                                                   TOM GRAY
                                                                   Justice


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed December 31, 2002
Do not publish
[CV06]