Opinion filed October 12, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed October 12, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00255-CV 

                                                    __________

 

                               BLUESTAR ENERGY, INC. AND SOIS 

                                 OPERATING
COMPANY, Appellants

 

                                                             V.

 

                           BILL
W. MURPHY AND BILL W. MURPHY 

                             OPERATING
COMPANY, INC., Appellees

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry County, Texas

 

                                                   Trial
Court Cause No. 21,643

 



 

                                                                   O
P I N I O N

 








Bill W. Murphy and Bill W. Murphy Operating
Company, Inc. (plaintiffs) brought suit against Bluestar Energy, Inc. and SOIS
Operating Company (defendants) after a dispute arose in their business
relationship.  Defendants filed a
counterclaim.  The jury found in favor of
the plaintiffs, and the trial court entered judgment on the verdict awarding
actual damages of $6,055.51, declaring various rights and duties of the
parties, and awarding attorney=s
fees of $50,000.  On appeal, the
defendants present eight issues and one supplemental issue.  We affirm in part, reverse and render in
part, and reverse and remand in part.  

                                                               Background
Facts

The Scandinavian Oil Investors Society acquired
oil and gas leases across the country. 
The Society formed various related ASOIS@ companies, partnerships, and
corporations.  Defendant Bluestar was
named as the registered operator of the SOIS leases.  SOIS management intended to name defendant
SOIS Operating as the registered operator at a later date but never did
so.  Both defendants were part of the
SOIS group.

Murphy, who had vast experience in and knowledge
of the Sharon Ridge Field in Scurry and Mitchell Counties,
was hired to supervise SOIS=s
oil and gas operations in that field. 
Murphy entered into a contract regarding his duties as a ADistrict Manager@
to supervise the field on behalf of the operator.  The contract expired prior to the events at
issue in this case, but the parties continued their business relationship for
two years after the contract expired. 
Although Bluestar was the registered operator,  SOIS Operating entered into the contract with
Murphy.  Murphy, who contended that he
was just a Apumper@ and not really a Adistrict manager,@ was fired after he purchased certain
leases, the J. Cleo Thompson Properties, in the vicinity of SOIS=s leases without first giving SOIS an
opportunity to purchase those leases.  At
trial, SOIS representatives asserted that they wanted the Thompson leases for a
prospective waterflood program that Murphy had suggested. At the time Murphy
was fired, the defendants owed him for fifteen days of work.  The parties stipulated that Murphy=s compensation for that time period
would have been $2,305.51.  The parties
also stipulated that, at all relevant times, the plaintiffs= relationship with the defendants was
that of independent contractor.








In addition to seeking payment for fifteen days of
services rendered, Murphy sought damages in assumpsit resulting from the
defendants= use of
an injection well located on Murphy=s
property.  The McWilliams No. A4 well was
located near Murphy=s
house.  The defendants owned the
McWilliams lease and used the McWilliams No. A4 to dispose of salt water from
that lease.  However, the defendants also
used the McWilliams No. A4 to dispose of salt water from other leases.  Murphy sent the defendants a letter
requesting that they cease using that well for off-lease disposal.  The defendants claimed a prescriptive
easement and, thus, did not discontinue using the McWilliams No. A4 to dispose
of off-lease water.  At the time of
trial, the defendants had used the well without permission for nine months.

                                                                 Issues
on Appeal

In the first issue, the defendants contend that
the award for breach of an agreement to pay Murphy for services rendered was
erroneous insofar as it was rendered against the defendants jointly and
severally.  In the second issue, the
defendants contend that there was no evidence that SOIS Operating used the
McWilliams No. A4 well and that, therefore, joint and several liability on that
issue was erroneous.  In the third issue,
the defendants assert that the trial court erred in entering a declaratory
judgment against Bluestar regarding the ownership of the Thompson leases.  In the fourth issue, the defendants argue
that the trial court erred in awarding damages for the disposal of off-lease
water on the McWilliams lease.  The
defendants contend in their fifth, sixth, and seventh issues that the trial
court erred in failing to present a jury question and instructions on their
counterclaims for fraud, deceptive trade practices, and breach of fiduciary
duty.  In the eighth issue, the
defendants challenge the award of $50,000 in attorney=s
fees to plaintiffs.  Finally, in their supplemental
issue, the defendants assert that the trial court erred in granting declaratory
relief in this case.  

                                                         Joint
and Several Liability

Judgment was rendered against the defendants Ajointly and severally.@ 
Joint and several liability is appropriate in tort cases when the
independent tortious conduct of two or more persons is a legal cause of an
indivisible injury and in contract cases when two or more persons promise the
same performance.  CTTI Priesmeyer,
Inc. v. K & O Ltd. P=ship,
164 S.W.3d 675, 684 (Tex. App.CAustin
2005, no pet.).  

With respect to the first and second issues on
appeal, the record shows that the jury was asked to determine whether ADefendants/Counter-Plaintiffs
SOIS/Bluestar Energy, Inc.@
breached an agreement to pay plaintiffs for services rendered and to place a
value on ADefendants/Counter-Plaintiffs
SOIS/Bluestar Energy, Inc.=s@ use and occupancy of the McWilliams
No. A4 well.  With respect to these
questions, SOIS meant defendant SOIS Operating. 
The defendants did not object to defendant SOIS Operating being included
in these jury questions.  In fact, at the
informal charge hearing, the defendants=
attorney suggested that his clients be referred to in such manner.








Furthermore, the record shows that Murphy took
orders from Bluestar=s
president, David Brooks Jones, and that Murphy received paychecks from both
Bluestar and SOIS Operating.  The record
also shows that, in response to the letter regarding the illegal use of the
McWilliams No. A4 well, both defendants claimed an easement to use the
well.  According to the testimony of the
president/chairman of the SOIS group, Ait
doesn=t matter@ which of the defendants owe money to
Murhpy because A[i]t=s just moving money around between the
different companies.@  We hold that joint and several liability was
appropriate in this case.  The first and
second issues are overruled.  

                                                       Damages
for Water Disposal

In the fourth issue, the defendants contend that
the trial court erred in awarding damages for their use of the McWilliams No.
A4 Well for off-lease water disposal because the damages were speculative.  We disagree. 
Murphy testified that the defendants used that well for off-lease
disposal for nine months after being told to terminate such use.  Murphy also testified without objection that
he was familiar with the fee charged by surface owners for the disposal of
off-lease water and that, on the low end, the amount would be $5,000 per
year.  Murphy testified that $5,000 per
year would be the value of the defendants=
use and occupancy of the disposal well. 
The jury=s finding
of $3,750 for nine months of use and occupancy was, thus, supported by the
record and was not speculative.  The
fourth issue is overruled.  

                                                                  Jury
Questions

In their next three issues, the defendants argue
that the trial court erred in failing to include jury questions and
instructions on fraud, deceptive trade practices, and breach of fiduciary
duty.  The defendants had pled these
causes of action as counterclaims against the plaintiffs.  A trial court must submit Asuch instructions and definitions as
shall be proper to enable the jury to render a verdict.@  Tex.
R. Civ. P. 277.  Questions,
instructions, and definitions that are raised by the written pleadings and the
evidence shall be submitted.  Tex. R. Civ. P. 278.  An appellate court will not reverse a trial
court=s
judgment for failing to submit a question unless it was requested in writing in
substantially correct wording by the party complaining of the judgment or, with
respect to a question upon which the opposing party relied, the complaining
party objected to the omission.  Rule
278.  








The plaintiffs assert that the defendants waived
these issues by failing to include appropriate citations to the record and
authority as required by Tex. R. App. P.
38(h).  See Trenholm v. Ratcliff,
646 S.W.2d 927, 934 (Tex.
1983).  While we agree that these three
issues were not briefed well, we do not find that they were so poorly briefed
as to have waived the issues.  

The plaintiffs also assert (1) that the defendants
invited the error by leading the trial court to believe that they did not wish
to submit fraud, deceptive trade practices, or breach of fiduciary duty to the
jury but wished to submit their case on a breach-of-contract theory only; (2)
that there was no evidence to support the submission of these issues to the
jury; (3) that the defendants=
requests were not in substantially correct form and were obscured; and (4) that
the defendants= claims
sounded in contract, not tort.  We agree
that the defendants failed to properly preserve these issues in the trial
court.  

The record shows that, prior to trial, the
defendants submitted a 43-page proposed jury charge, which is included in the
clerk=s
record.  Contained within this proposed
jury charge were several instructions and questions related to fraud, deceptive
trade practices, and breach of fiduciary duty. 
For purposes of this discussion, we will assume that the questions in
the proposed charge were timely submitted, were substantially correct, and were
not obscured by voluminous unfounded objections.  See Tex.
R. Civ. P 274, 278; see also Alaniz v. Jones & Neuse, Inc.,
907 S.W.2d 450 (Tex.
1995).  Despite these assumptions,
however, we find that the defendants failed to preserve their complaints for
review because they invited error, if any, and because the trial court did not
refuse the questions submitted.  

The reporter=s
record contains a lengthy discussion from an informal charge conference that
was held upon close of the evidence between the court and the attorneys.  At the conference, the defendants= attorney, Gary E. Smith, at first
requested that the trial court submit questions on fraud, deceptive trade
practices, and breach of a fiduciary duty. 
But, subsequently, Smith agreed to submit the case on breach of contract
only.  The record shows the following:

THE COURT: 
It seems to me these are not fraud questions, these are breach of
contract questions.  

 

MR. SMITH: 
Okay.  I agree that they can be
both, and I will agree with the breach of contract.  

 

. . . .

 








THE COURT: 
I want to see a proposed charge in writing soon.  You can each give me whatever you want to
give me.  I know what you want.  I don=t
know what you want. 

 

MR. SMITH: 
Your Honor, I think we can submit the whole thing on breach of
contract.  

 

THE COURT: 
Okay.  

 

MR. SMITH: 
Just like I just said, and then with attorney=s
fees.

 

. . . . 

 

MR. SMITH:  That will make it simple.  (Emphasis added).  

After the charge was prepared as agreed to during the charge
conference, Smith objected to the failure to include questions and instructions
with regard to fraud, deceptive trade practices, and breach of fiduciary duty.








It is Aelementary@ that a party may not invite error by
asking Asomething
of a court and then complain that the court committed error in giving it to
him.@  Ne. Tex. Motor Lines v. Hodges, 158
S.W.2d 487, 488 (Tex. 1942); see also Gen.
Chem. Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex. 1993) (parties may not invite error by
requesting an issue and then objecting to its submission).  Similarly, we hold that the defendants in
this case could not invite an error in the jury charge by agreeing to the
omission of a claim upon which they had the burden of proof and then
subsequently preserve the issue for review by objecting to the omission.  The defendants had the burden of proof on
their counterclaims for fraud, deceptive trade practices, and breach of
fiduciary duty; consequently, they had the burden to submit questions on those
issues.  Rule 278.  Although the defendants did submit written
questions contained in their proposed jury charge, they subsequently agreed to
the omission from the jury charge of any questions regarding fraud, deceptive
trade practices, and breach of fiduciary duty. 
Unlike the appellant in Alaniz, the defendants in this case did
not make the trial court Areasonably
aware of the complaint, timely and plainly, and obtain[] a ruling.@ 
Alaniz, 907 S.W.2d at 451 (citing State Dept. of Highways
& Public Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992)).  The discussion during the charge conference
reveals that the defendants confused the trial court with their varied requests
and contentions relative to the jury charge and that the defendants invited the
error, if any, in the omission of questions on fraud, deceptive trade
practices, and breach of fiduciary duty. 
The fifth, sixth, and seventh issues are overruled.  

                                                                Declaratory
Relief

In their third issue and their supplemental issue,
the defendants challenge the declaratory relief awarded by the trial
court.  In its judgment the trial court
declared in Paragraph No. 4 that:  

(i) 
Plaintiffs had no duty to offer AThe
J. Cleo Thompson Properties@
to Defendants before purchasing them;

 

(ii) 
Defendants have no valid claim, interest, or constructive
trust/ownership in AThe J. Cleo
Thompson Properties@;

 

(iii) 
Plaintiffs do not owe Defendants any unpaid contract payments for breach
of contract;

 

(iv) 
Plaintiffs did not owe nor have they breached any fiduciary duty to
Defendants;

 

(v)  Defendants
do not have or own, nor have they acquired, a prescriptive easement in the AMcWilliams Lease@
to dispose of AOff Lease
Water@ in the AMcWilliams #A-4 Well@; and

 

(vi)  In the future Defendants have no right to and
are prohibited from disposing of AOff
Lease Water@ in the AMcWilliams #A-4 Well.@ 


With respect to declarations (i), (ii), and (iv), the defendants
specifically contend that the declarations are incorrect as a matter of law and
are based on fact issues that should have been submitted to the jury.  The defendants contend that the
pronouncements made in (v) and (vi) were not requested in the plaintiffs= pleadings and that the issues therein
were already pending before the court in another cause of action.  

Declaratory relief is available pursuant to Tex. Civ. Prac. & Rem. Code Ann. ' 37.004 (Vernon 1997) as follows:  








(a) A person interested under a deed, will,
written contract, or other writings constituting a contract or whose rights,
status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

(b) A contract may be
construed either before or after there has been a breach.

Furthermore, a declaratory judgment is Anot
available to settle disputes already pending before a court.@ 
BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex.
1990).  In BHP, the supreme court
recognized that a declaratory judgment action may not be used to deprive the
real plaintiff of the traditional right to choose the time and place of suit
and that a trial court should decline to exercise jurisdiction seeking a
declaration of non-liability in a tort action because non‑liability for
past conduct is not normally a function of the declaratory judgment
statute.  Id.; see also Abor v.
Black, 695 S.W.2d 564, 566‑67 (Tex. 1985).  

The declarations in the present case did not
involve a question of construction or validity arising under a deed, will,
written contract, statute, or other writing as authorized by Section
37.004.  Contrary to the guidelines in BHP,
the declarations in this case involved disputes that were already pending
before the trial court, granted relief that would deny the defendants the right
to choose the time and place of suit, and declared the plaintiffs= non-liability in a tort action.  Furthermore, declarations (v) and (vi)
regarding the McWilliams No. A4 well were not supported by the parties= pleadings.  See Tex.
R. Civ. P. 301 (judgment of the court shall conform to the
pleadings).  The record shows that
neither party requested any declaration of rights with respect to the
McWilliams lease.  We hold that the
declaratory relief awarded in this case was improper.  Accordingly, we sustain the defendants= third issue and their supplemental
issue; we reverse the trial court=s
judgment insofar as it grants declaratory relief; and we render a take nothing
judgment against the plaintiffs on these claims.  

                                                                  Attorney=s Fees








In their eighth issue, the defendants challenge
the award of $50,000 in attorney=s
fees to the plaintiffs.  In its judgment,
the trial court awarded Areasonable
and necessary attorneys=
fees in the amount of $50,000.00@
and stated that this amount was equitable and just for the declaratory relief
granted therein.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  However, we have concluded that declaratory
relief was improper in this case. 
Parties to a lawsuit Amay
not proceed alternatively under the Declaratory Judgments Act to recover their
attorney=s fees.@ 
Martin v. Amerman, 133 S.W.3d 262, 267 (Tex. 2004); see also
John G. and Marie Stella Kenedy Mem=l
Found. v. Dewhurst, 90 S.W.3d 268, 289 (Tex. 2002); Jordan v. Hagler,
179 S.W.3d 217, 222-23 (Tex. App.CFort
Worth 2005, no pet.); Hawk v. E.K. Arledge, Inc., 107 S.W.3d 79, 84
(Tex. App.CEastland
2003, pet. denied).  

The only remaining cause of action for which the
plaintiffs were authorized to recover attorney=s
fees was their claim for breach of an agreement to pay for services
rendered.  See Tex. Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997).  That cause of action was relatively simple
and straightforward:  the parties
stipulated that Murphy=s
compensation for the relevant time period would have been $2,305.51, and the
evidence was uncontradicted that Murphy performed services for the defendants
during that time period.  The only
question was whether Murphy=s
performance was adequate enough so as not to excuse the defendants= failure to pay.  Because declaratory relief was not available
in this case, we must reverse the award of attorney=s
fees and remand that issue so the trial court can reconsider the amount of
attorney=s fees to
award for the defendants=
breach of the agreement to pay for services rendered.  The eighth issue is sustained. 

                                                               This
Court=s Ruling

A declaratory judgment was not appropriate in this
case; therefore, the judgment of the trial court is reversed insofar as it
awarded declaratory relief.  We render
judgment that Bill W. Murphy and Bill W. Murphy Operating Company, Inc.
(plaintiffs) take nothing on their claims for declaratory relief.  We also reverse the trial court=s judgment insofar as it awarded
attorney=s fees,
and we remand that issue to the trial court for reconsideration.  In all other things, the judgment of the
trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

October 12, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.