**L. W. LITTLEJOHN, Appellant,**

v.

**Audrey Estelle Daniels KARIEL, Appellee.**

**No. 5891.**

Court of Civil Appeals of Texas, Waco.

June 22, 1978.

Alan Schulman, Vinson & Elkins, Houston, Bernard C. Reeves, Fairfield, for appellant.

Ernest F. Smith, Marshall, Phillip Brin, Longview, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Littlejohn from a take-nothing judgment in a suit for declaratory judgment that two mineral deeds were void.

Plaintiff Littlejohn sued defendant Kariel (sole devisee of the will of George Daniels) to determine ownership of interests in realty conveyed to Daniels on September 26, 1923, and on October 31, 1923 by W. M. Goolsby. Plaintiff asserted the conveyances void because of inadequate description of the land covered in each conveyance.

Defendant answered by general denial and plea of not guilty.

Trial was to the court, which rendered judgment "the instruments attacked by plaintiff are not void because of inadequate description of the land covered thereby", and decreed plaintiff take noting.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1. On December 2, 1908 Josephine Carroll conveyed Wood M. Goolsby 110 acres in the John Lawrence survey and 17 acres in other surveys for a total of 127 acres in Freestone County.

2. On September 26, 1923 Goolsby conveyed to G. Daniels (father of defendant Kariel), ½ interest in all the oil, gas and other minerals in and under the following described lands in Freestone County, Texas, to wit:

"Being 50 acres, a part of the 110 acre tract which is a part of the J. Lawrence Survey in said County and State, and said 50 acres being off the South end of said 110 acre tract, a part of said Lawrence Survey". (for a consideration of $100. cash).

3. On October 31, 1923 Goolsby conveyed to G. Daniels (father of defendant Kariel), ½ interest in all the oil, gas and other minerals in and under the following described lands in Freestone County, to wit:

"Being fifty acres off the North part of that certain one hundred ten acre tract of land, a part of the John Lawrence Survey in said County and State, more fully described in deed dated December 2, 1905,[1] by Mrs. Josephine Carroll to Wood M. Goolsby and said deed being recorded in Vol. 30 page 314 Deed Records of Freestone County, Texas, to which reference is here made". (for a consideration of $100. cash).

4. On November 10, 1923 Goolsby conveyed Johnson and Sheffield a mineral interest explaining the prior conveyances to G. Daniels by reciting:

"Conveyance is here made of the following lands being 10 acres between the North 50 acres and the South 50 acres previously conveyed to Daniels and 6 acres, a part of the Larsen Survey out of the NW corner of said Survey and 11 acres out of the NW corner of the J. Irvins Survey, Keechi Creek being the North boundary line of both the 6 and 11 acre tracts".

5. On November 9, 1923 Goolsby explained the prior conveyances of minerals to G. Daniels in making a mineral lease to Weatherbolt of 5 acres out of the middle 10 acres of the 110 acres in the Lawrence Survey by reciting therein:

"Also it lies on the East side of 50 acre tract leased to S. V. Strickland and H. B. Carpenter near the middle portion of said 110 acre tract and joins on the South and the North each of 2 50 acre tracts described in Royalty Contracts to G. Daniels * * and the East line of the 50 acre tract is a part of the East line of said 110 acre tract and its West line is a part of the East line of said abovementioned lease".

6. On August 2, 1941 Goolsby accepted a quit claim from Doering and others reciting:

"Conveyance is here made of the following tract being 10 acres between the North 50 acres and the South 50 acres previously conveyed to Daniels".

1. The deed is actually dated December 2, 1908.

7. Goolsby on January 9, 1943 conveyed J. E. Hamm all the lands out of which the mineral conveyances had been carved.

8. On December 17, 1958 plaintiff Littlejohn acquired such property from the heirs of Hamm; and all the above instruments were in chain of title of plaintiff and were of record at the time.

9. Defendant Kariel is the sole heir of G. Daniels.

10. The 127 acres (Finding 1) was surveyed (Exhibit 8) and is in the East part of 470.23 acres surveyed.

11. The survey of the 127 acres shows the North boundary line meanders and the Northeast and Southwest boundary lines are not parallel.

12. The so-called 110 acres of the J. Lawrence Survey actually contains 106.672 acres and the boundary lines are not parallel.

*Conclusions of Law*

1. Each of the 2 mineral conveyances acquired by G. Daniels is sufficient within itself to identify the land in question.

2. The effect of the 1st mineral conveyance was to convey G. Daniels ½ the minerals off the South 50 acres of the 110 acre tract owned by Goolsby in the J. Lawrence Survey.

3. The effect of the 2nd mineral conveyance was to convey G. Daniels ½ of the minerals under the North 50 acres of the 110 acre tract owned by Goolsby in the J. Lawrence Survey.

4. Since each mineral conveyance was sufficient within itself as a conveyance plaintiff is not entitled to relief.

5. The consideration paid for the 2 conveyances and subsequent conveyances by Goolsby, predecessor in title to plaintiff and defendant, demonstrate that the intention of the parties was to convey Daniels ½ the minerals under the South 50 acres and under the North 50 acres of the 110 acres owned by Goolsby in the J. Lawrence Survey. Plaintiff is in the chain of title subsequent to the mineral conveyances made by his predecessor in title to Daniels and to others, and had constructive knowledge at the time of the acquisition of his conveyance of the mineral conveyances relied on by defendant and of the construction placed thereon by the common predecessor in title of both of them.

6. The equities are with defendant and against plaintiff.

7. Plaintiff's request for declaratory relief should be denied.

8. Defendant did not prove any equitable defenses to plaintiff's suit.

9. There is no evidence plaintiff unreasonably delayed in filing suit.

Plaintiff appeals on 20 points contending among other matters:

1) The trial court erred in refusing to declare the conveyance dated September 26, 1923 void because as a matter of law the description of the lands contained therein is insufficient under the Statute of Frauds.

2) The trial court erred in refusing to declare the conveyance dated October 31, 1923 void because as a matter of law the description of the lands contained therein is insufficient under the Statute of Frauds.

■ While Texas employs a rather strict application of the statute of frauds and conveyances, yet the words of description are given a liberal construction in order that a conveyance may be upheld. Parol evidence is admitted to explain the descriptive words and to identify the land where the instrument contains a "nucleus" of description. *Gates v. Asher,* 154 Tex. 538, 280 S.W.2d 247; *Smith v. Sorelle,* 126 Tex. 353, 87 S.W.2d 703; *Miller v. Hodges,* Tex. Comm.App., 260 S.W. 168.

■ To be sufficient the writing must furnish within itself, or by reference to some other writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Kmiec v. Reagan,* Tex., 556 S.W.2d 567; *Morrow v. Shotwell,* Tex., 477 S.W.2d 538.

■ The September 26, 1923 conveyance described the land:

"Being 50 acres a part of the 110 acre tract which is part of the J. Lawrence Survey in said county and State and said 50 acres being off the South end of said 110 acre tract a part of said Lawrence Survey".

Such description refers neither to any other existing writing nor to any data which may be used to identify the land. While the 50 acres is "off the South end of said 110 acre tract a part of said Lawrence Survey", the 110 acres is not located within the Lawrence Survey. There is no reference to any other writing which might identify the land. See *Morrow v. Shotwell, supra; Smith v. Sorelle, supra; Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980.

The trial court's conclusion that the September 26 conveyance is sufficient within itself to identify the land in question is erroneous, and contention one is sustained.

The October 31, 1923 conveyance described the land:

"Being 50 acres off the North part of that certain one hundred acre tract of land a part of the John Lawrence Survey in said County and State more fully described in deed dated December 2, 1908 by Mrs. Josephine Carroll to Wood H. Goolsby and said deed being of record in Vol. 30 p. 314, Deed Records of Freestone County, Texas to which reference is hereby made for all purposes".

This deed is in evidence and describes 127 acres out of the NE corner of the 460 acres purchased by Wm. David from L. R. Wortham, and being part of the John Lawrence, a part of the R. Lawson and a part of the James Ivins Surveys in Freestone County * * * and;

"*Beginning* at a rock in the North line of the John Lawrence Survey, which is the SE corner of the James Ivins 72 acre survey and the SW corner of the James McAnulty Survey, a P O brs S. 54 E 6.5 vrs and a P O brs S 61 W 5.6 vrs; *Thence* S 37 E with the E line of the said 460 acre 1268 vrs to a stake whence a P O 25 in brs N 7 W 11 ¾ vrs, and a P O 24 in brs S 68 E 15 vrs the same being the NE corner of J C Davids 100 acre tract;

*Thence* S 53 W with J C Davids N line 480 vrs to a rock in the field, the SE corner of M E Cabiness 127 acre tract; *Thence* N 37 W with her East line 1432 vrs to the creek;

*Thence* down the creek with its meanderings in a N Easterly course to the undersection of said creek with the E line of the James Ivins Survey of 72 acres.

*Thence* S 37 E with said line 275 vrs to the beginning".

When the foregoing is platted out it crosses the Lawson and Ivins Survey lines where they join the Lawrence Survey, and describes 17 acres in the Lawson and Ivins surveys and 110 acres in the Lawrence Survey.

A reasonable certainty of description is all that the law requires. Conviction beyond all peradventure of doubt is not necessary. *Gates v. Asher, supra.*

We think the description in the October 31, conveyance together with the "nucleus" or reference to the 1908 deed describing the 127 acres in the Lawrence, Lawson and Ivins Surveys by metes and bounds a sufficient description under the authorities cited.

The record leaves little doubt that the parties knew and understood what property was intended to be conveyed in both tracts. And a surveyor by search of the records has located the property on the ground. And plaintiff was on constructive notice of information in his chain of title from common source as to the construction made of the instruments by common predecessor in title.

Nevertheless, the foregoing will not give validity to the September 26 conveyance, and defendant did not plead estoppel or other equitable defenses to plaintiff's cause of action.

Sustaining of contention 1 requires a reversal of the judgment. We however remand to the trial court in the interest of justice under the rule laid down in *Morrow v. Shotwell, supra,* and *Scott v. Liebman,* Tex., 404 S.W.2d 288; *Kandy, Inc., v. Presslor* (Waco, Tex.Civ.App.) NRE, 556 S.W.2d 99. Accordingly the case is remanded to

the trial court in its entirety, where the parties may amend their pleadings if they see fit.

REVERSED & REMANDED.