John BORDELEAU, Jr., Appellant,

v.

UNIVERSAL WEATHER AND AVIATION, INC., Appellee.

No. 10–81–053–CV.

Court of Appeals of Texas, Waco.

Feb. 11, 1982.

Rehearing Denied March 18, 1982.

Gene Hagood, Brown & Todd, Alvin, for appellant.

Maurice Bresenhan, Jr., Law Offices of Maurice Bresenhan, Jr., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bordeleau from a take nothing judgment in suit for damages against defendant Universal Weather and Aviation for breach of an employment contract.

Plaintiff sued defendant alleging he had an employment contract to work for defendant entered into "shortly after November 25, 1974"; that he went to work for defendant; that on September 30, 1975 defendant breached such contract to plaintiff's damage of $84,900.

Defendant answered by general denial, and pled the alleged employment contract void under the Statute of Frauds.

Trial was to a jury which found:

1) It was the intent of plaintiff and defendant that at the time plaintiff was employed by defendant, that such employment was from the time of hiring until plaintiff reached age 65.

2) Defendant breached such employment contract by wrongfully discharging plaintiff.

3) a) Plaintiff's damage from September 30, 1975 to May 1, 1976 is $17,725.

b) Plaintiff's damage from May 2, 1976 until plaintiff reaches age 65 is "None".

Both plaintiff and defendant moved for judgment on the verdict.

The trial court rendered judgment plaintiff take nothing.

Plaintiff appeals asserting the trial court erred in rendering judgment for defendant because there existed sufficient memorandum to render unavailable the defense of the Statute of Frauds.

Plaintiff, a weather forecaster and meteorologist applied for a job with defendant. On November 25, 1974 defendant wrote plaintiff: " * * * Our proposal to you is $1350 a month, $16,200 a year * * * you will be eligible for our Profit Sharing Plan at the end of one year * * *. Working conditions consist of * * * one week vacation the first year, 10 days the second year and 2 weeks vacation the third year and thereafter".

Plaintiff quit his job in Georgia where he was making $1500 per month, sold his home there, moved his family to Houston, and began work for defendant on May 1, 1975. His pay was raised from $1350 to $1500 per

month after one month. He was terminated by defendant September 30, 1975 (but paid through October 15, 1975).

Section 26.01(a) Business & Commerce Code provides that a promise or agreement which is not to be performed within one year from the date of making is not enforceable unless "the promise or agreement, or a memorandum of it is in writing and signed by the person to be charged or by some one lawfully authorized to sign".

■ We think the letter from defendant to plaintiff sufficient memorandum to render unavailable the defense of the Statute of Frauds.

Plaintiff further asserts the trial court erred in rendering judgment for defendant because the jury found plaintiff was wrongfully discharged.

Defendant by counterpoints asserts the employment contract terminable at will; and that there was insufficient evidence to support the jury's finding in answer to Issue 2.

■ There is evidence that plaintiff's duties were changed by defendant to where they were substantially different from those he had agreed to perform, and we think the evidence ample to sustain the jury's finding. *Wolf Cigar Stores v. Kramer,* (Dallas) 50 Tex.Civ.App. 411, 109 S.W. 990, 993; *Guardian Trust Co. v. Bauereisen,* 132 Tex. 396, 121 S.W.2d 579. And there is evidence from which the jury could believe that economic conditions caused plaintiff's discharge.

Plaintiff's contentions above discussed are sustained.

Defendant by cross point asserts the jury's answer to Issue 3a is not supported by sufficient evidence (which fixed plaintiff's damage from date of discharge to the following May 1 at $17,725).

■ Plaintiff was paid from September 30, 1975 to October 15, 1975. He secured other employment and earned $550 per month from October 16 to October 31; $1100 per month from November 1 through December 31, 1975; and $1500 per month from January 1, to May 1, 1976; for a wage

loss of some $2500 to $3000. Other elements of plaintiff's damage (as moving expense) were not proved up. We think the jury's answer to Issue 3a not supported by sufficient evidence, and sustain the cross point.

Sustaining of plaintiff's contentions requires a reversal, and sustaining of defendant's cross point requires a remand.

Moreover, we think the record not fully developed and remand to the trial court in the interest of justice under the rule laid down in *Morrow v. Shotwell,* Tex., 477 S.W.2d 538; *Scott v. Liebman,* Tex., 404 S.W.2d 288; and *Littlejohn v. Kariel* (Tex. Civ.App.Waco), 568 S.W.2d 452.

Accordingly the case is remanded to the trial court in its entirety.

REVERSED & REMANDED.