Betty A. COLEY, Appellant,

v.

BAYLOR UNIVERSITY, Appellee.

No. 10–01–00205–CV.

Court of Appeals of Texas,
Waco.

Aug. 25, 2004.

Lanelle L. McNamara, McNamara & McNamara, Waco, for appellant.

Roy L. Barrett, Stuart Smith, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Betty Coley sued Baylor University for breach of her employment contract. A jury rendered a take-nothing judgment in Baylor's favor. Coley contends in two issues that the court erred by refusing to submit her proposed question on breach of contract and her proposed instruction on constructive discharge. Because the court's instruction on constructive discharge did not properly submit Coley's theory of recovery to the jury, we will reverse and remand.

Coley contends in her first and second issues respectively that the court abused its discretion by denying her requested question on breach of contract and a related instruction regarding breach of employment contract by constructive discharge. Instead of submitting the requested question and instruction however, the court submitted a question inquiring whether Coley was constructively discharged, defining the term "constructive discharge" as it is usually defined in employment discrimination cases.

### COLEY ADEQUATELY PRESERVED THESE ISSUES FOR REVIEW

■ Baylor responds first that these issues are not properly preserved because: (1) Coley did not submit a written request for the question or instruction to the trial court and (2) the question and instruction sought are not in substantially correct wording. Because Coley's requested question and instruction adequately advised the trial court of the basis for her complaint, we conclude that she preserved these issues for our review.

■ In a case in which an appellant contends that the trial court improperly failed to include a question on an issue on which the appellant relied at trial, Rule of

Civil Procedure 278 provides that the "[f]ailure to submit [the] question shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment." Thus, an appellant does not preserve such an issue for appellate review unless the appellant: (1) tenders a written request to the trial court for submission of the question; (2) which is "in substantially correct wording." *See Tex. Dept. of Hum. Servs. v. Hinds,* 904 S.W.2d 629, 637 (Tex.1995); *Johns v. Ram–Forwarding, Inc.,* 29 S.W.3d 635, 638 (Tex.App.-Houston [1st Dist.] 2000, no pet.). The same preservation requirements apply for an omitted instruction. *See* Tex.R. Civ. P. 278 ("Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment.").

These requirements must be tempered however by the Supreme Court's statement in *State Department of Highways and Public Transportation v. Payne* regarding preservation of charge error:

> There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. The more specific requirements of the rules should be applied, while they remain, to serve rather than defeat this principle.

838 S.W.2d 235, 241 (Tex.1992); *accord Hinds,* 904 S.W.2d at 638; *In re Steven-son,* 27 S.W.3d 195, 201 (Tex.App.-San Antonio 2000, pet. denied).

In response to a request from Coley, this Court abated this cause for a hearing in the trial court to clarify the manner in which Coley presented her proposed questions, instructions, and definitions to the trial court. The court found in pertinent part that the parties submitted proposed charges to the court coordinator at the beginning of trial, that the court reviewed these proposed charges then developed the court's charge, that Coley did not tender any requested questions or instructions after the court's charge was furnished to the parties, and that Coley did not request the court to mark the proposed charge she had previously submitted (or any part of it) as "refused" or "modified." [1]

■ Coley submitted her proposed questions and instructions to the trial court via the court coordinator.[2] Coley read the question and instruction at issue into the record during the charge conference. The court denied her request to submit them in the charge. Accordingly, Coley's written submission adequately satisfies the requirement of Rule 278 that a party tender a written request. *See Alaniz v. Jones & Neuse, Inc.,* 907 S.W.2d 450, 451 (Tex.1995) (per curiam); *Stevenson,* 27 S.W.3d at 201.

Coley's requested breach of contract question reads as follows:

> Did Baylor University breach Betty Coley's tenure contract, including its contractual agreement that Betty Coley could continue in her tenured position unless it was determined that she was unfit to continue in her position, after a fair hearing with due process?

---

**1.** The court also entered a "Conclusion of Law" that Coley failed to comply with Rules of Civil Procedure 272, 273, and 276.

**2.** That Coley did so before the court tendered its proposed charge to the parties is of no moment. *See Alaniz v. Jones & Neuse, Inc.,* 907 S.W.2d 450, 451 (Tex.1995) (per curiam); *In re Stevenson,* 27 S.W.3d 195, 201 (Tex. App.-San Antonio 2000, pet. denied).

Her requested instruction[3] reads as follows:

> You are instructed that if you find and believe from the evidence that the change in Betty Coley's duties, as ordered by Baylor's agents Dr. Robert Brooks and Dr. Avery Sharp, required Betty Coley to take a subordinate position, or one substantially different in its work and duties from the position for which she was tenured, then you should find that Betty Coley was constructively and wrongfully discharged from her tenured position.

Baylor contends that the proposed question and instruction are not in "substantially correct wording" because both constitute improper comments on the evidence. Although we agree that Coley's proposed question and instruction are not entirely correct, they did bring to the trial court's attention (1) the omission from the court's charge of a question on Coley's breach-of-contract theory, and (2) Coley's contention that a different standard for "constructive discharge" applies in a suit alleging breach of an employment contract than in a suit involving at-will employment. Accordingly, we hold that Coley adequately preserved these issues for appellate review. *See Hinds,* 904 S.W.2d at 638; *Stevenson,* 27 S.W.3d at 201.

## THE CONTROLLING ISSUE ON COLEY'S BREACH–OF–CONTRACT CLAIM IS WHETHER SHE WAS CONSTRUCTIVELY DISCHARGED

■ Coley contends in her first issue that the court erred by failing to submit a question to the jury on her breach-of-contract claim. Baylor responds that the court did not err by submitting a question on constructive discharge because this is the controlling issue with regard to Coley's breach-of-contact claim. We agree with Baylor.

■ We review a trial court's decision to grant or deny requested questions, definitions, and instructions under an abuse-of-discretion standard. *See Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 664 (Tex.1999); *Rosell v. Central W. Motor Stages, Inc.,* 89 S.W.3d 643, 653 (Tex.App.-Dallas 2002, pet. denied). The court must submit the controlling issues raised by the pleadings and the evidence. *See Hyundai Motor Co.,* 995 S.W.2d at 663 & n. 7; *Rosell,* 89 S.W.3d at 653.

Because the rules require broad form submission however, a question on the "controlling issue" does not necessarily equate to a question on a plaintiff's specific cause of action. *See e.g. Island Recreational Dev. Corp. v. Republic of Tex. Sav. Assn.,* 710 S.W.2d 551, 554–55 (Tex.1986) (question asking whether Island had performed its obligations under the contract submitted the controlling issue in its breach of contract case); *Riddick v. Quail Harbor Condominium Assn.,* 7 S.W.3d 663, 673–74 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (question asking whether Quail complied with terms of contract submitted controlling issue); *Paul Mueller Co. v. Alcon Laboratories, Inc.,* 993 S.W.2d 851, 853–54 (Tex.App.-Fort Worth 1999, no pet.) (question asking whether Mueller accepted Alcon's order submitted controlling

---

**3.** Coley also complains that the court abused its discretion by refusing to submit a similar instruction which she verbally requested at the charge conference. Because she did not make a written request for submission of this other instruction however, she has not pre-

served for appellate review the propriety of the court's refusal to submit it in the charge. *Tex. Dept. of Hum. Servs. v. Hinds,* 904 S.W.2d 629, 637 (Tex.1995); *Johns v. Ram–Forwarding, Inc.,* 29 S.W.3d 635, 638 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

issue where parties disputed formation of contract).

Coley states in her brief that her theory is that Baylor breached her contract by constructively discharging her. Thus, we agree with Baylor that the controlling issue is whether Baylor constructively discharged Coley. Accordingly, the court did not abuse its discretion by submitting a question on constructive discharge. *Cf. id.* Coley's first issue is overruled.

## BECAUSE COLEY HAD AN EMPLOYMENT CONTRACT, THE DEFINITION OF CONSTRUCTIVE DISCHARGE GENERALLY USED IN EMPLOYMENT DISCRIMINATION CASES DOES NOT APPLY

■ Coley contends in her second issue that the trial court incorrectly defined the term "constructive discharge" in this breach-of-employment-contract case. Baylor does not provide any substantive response to this contention, arguing only that Coley was not harmed. Because Coley was denied a proper submission of her theory of recovery, we disagree with Baylor.

The constructive discharge question instructed the jury that "[a]n employee is considered to have been discharged when an employer makes conditions so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Coley contends that this instruction is inconsistent with the holding of the Supreme Court in *Kramer v. Wolf Cigar Stores Co.* in which the Court recognized that an employer may be found to have breached an employment contract if the employer "make[s] a material change in the position to which [the employee] was entitled under the contract." 99 Tex. 597, 91 S.W. 775, 777 (1906).

The Supreme Court reaffirmed the vitality of *Kramer* in *Guardian Trust Co. v. Bauereisen*, 132 Tex. 396, 121 S.W.2d 579,

583 (1938). Other courts have followed it as well. *See Bordeleau v. Universal Weather & Aviation, Inc.*, 629 S.W.2d 180, 182 (Tex.App.-Waco 1982, writ ref'd n.r.e.); *Bd. of Trustees of Crystal City Indep. Sch. Dist. v. Briggs*, 486 S.W.2d 829, 835–36 (Tex.App.-Beaumont 1972, writ ref'd n.r.e.).

Nevertheless, some more recent employment law decisions involving employment contracts have used the same definition as used by the trial court in Coley's case. *See e.g. Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 550–51 (Tex.App.-Dallas 1997, pet. denied); *Hammond v. Katy Indep. Sch. Dist.*, 821 S.W.2d 174, 177 (Tex. App.-Houston [14th Dist.] 1991, no writ). However, it does not appear that the plaintiff in either of these cases disputed the definition used. Nor does it appear that these courts gave any consideration to the distinctions between contractual and at-will employment.

The rule of *Kramer* has not been challenged or questioned in any reported case our research has disclosed. We believe it continues to be a correct statement of law with regard to an employer's rights under an employment contract to modify an employee's position.

The court's constructive discharge instruction did not properly submit Coley's properly pleaded theory of recovery to the jury. The record contains some evidence to support Coley's theory of recovery. Accordingly, she was harmed by this error. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex.1992) (per curiam); *Rosell*, 89 S.W.3d at 653. Thus, we sustain Coley's second issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.