IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00428-CV

 

In re
Mark McWhorter

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          In lieu of a response on the merits to
the mandamus petition in this cause, the Real Party in Interest has filed a “motion”
to dismiss the petition as moot.  We will construe this “motion” as a response
to the petition and dismiss the petition as requested by the Real Party in
Interest.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without a separate opinion.  He does not
concur in the opinion.)

Petition dismissed

Opinion delivered and
filed January 18, 2006

[OT06]

 






'text-align:justify'> 

                                                          Sincerely,

 

                                                          A
majority of the 

                                                          Justices
on the

                                                          Tenth
Court of Appeals




Overview

          This is an appeal of a civil service
hearing examiner’s judgment which reduced the time of a suspension from
indefinitely to 180 days and demoted the employee.  The hearing examiner
imposed a discipline that is not authorized by the civil service statute.  The
City of Waco argued in the trial court, and now before this Court, that the
unauthorized discipline was an abuse of authority.  It was.  The entire
proceeding must, therefore, return to the hearing examiner and we can affirm no
part of the district court’s decision.

          But the majority decides what they
would have done and renders a judgment.  “Big mistake.  Big.  Huge.”  Pretty
Woman (Touchstone Pictures 1990) (motion picture).  Kelley gets only a slap
on the wrist of a 180 day suspension and reinstated as a commander for driving
drunk, rather than indefinite suspension.

          So the majority negates the
determination that the hearing examiner made to not reinstate Kelley as
commander.  It appears the hearing examiner tried to strike some kind of a
balance by shortening the time of the suspension, but to bust him back to
sergeant.  The hearing examiner specifically found he should not be returned to
duty as a commander.

Background Facts

          Kelley, a City of Waco Assistant
Police Chief, while attending a police conference in Austin, Texas, was
arrested while driving under the influence of alcohol.  The City of Waco Police
Chief, in the terminology of the civil service statute, suspended him
indefinitely.  In words common to the average person, Kelley was fired for
driving while drunk.

Procedural Background

          Kelley appealed the firing.  A hearing
was held.  The hearing examiner determined that Kelley’s suspension would be
limited to 180 days and that he would be demoted to sergeant.  The City
appealed the decision to district court.  The district court affirmed the
hearing examiner and also awarded Kelley attorney fees.  The City appealed the
district court’s decision to this Court.  A majority of this Court held we had
no jurisdiction and dismissed the appeal.  City of Waco v. Kelley, No.
10-03-00214-CV, 2004 Tex. App. LEXIS 9828 (Tex. App.—Waco Oct. 29, 2004) (mem.
op.).  The City appealed the dismissal to the Texas Supreme Court.  The Texas
Supreme Court decided the majority’s dismissal for lack of jurisdiction was
error and remanded the appeal to this Court for a decision on the merits.  City
of Waco v. Kelley, 197 S.W.3d 324 (Tex. 2006).  This is now the decision on
the merits.

Decision on the Merits

          The position of assistant police chief
is obtained by an appointment made by the police chief.  Because it is an
appointed position, the position is not considered a position in the
department’s classified services for purposes of the civil service commission
statute in the Local Government Code.

          If the police chief decides to
discipline an assistant chief by an indefinite suspension, the assistant chief
can appeal the suspension.  Specifically, the Code provides:

          If a person appointed under this
section is charged with an offense in violation of civil service rules and
indefinitely suspended by the department head, the person has the same rights
and privileges of a hearing before the commission in the same manner and under
the same conditions as a classified employee.  If the commission, a hearing
examiner, or a court of competent jurisdiction finds the charges to be untrue or
unfounded, the person shall immediately be restored to the same classification,
or its equivalent, that the person held before appointment.  The person has all
the rights and privileges of their prior position according to seniority, and
shall be repaid for any lost wages.

 

Tex. Loc. Gov’t Code
Ann. § 143.014(h) (Vernon 1999).

          But if the assistant chief prevails at
the disciplinary hearing, his best outcome, if it is determined that the
charges are untrue or unfounded, is to be restored to the classified position
held before the appointment.  Id.  This is the natural result of serving
in an appointed position and the person making the appointment would fire the
person but the hearing examiner determines there is no basis to support firing. 
Therefore, the person is returned to the last civil service position held
before the appointment.

          We need not dwell on this outcome,
however, because the hearing examiner did not find that the charge of driving
while intoxicated was untrue or unfounded.  The City argues that this statute
is the hearing examiner’s only option.  I disagree with the City of Waco’s interpretation of this statute that this is the only outcome for an assistant
chief.  There is nothing that indicates that the hearing examiner’s options are
limited to affirming the indefinite suspension if charges are not found to be
untrue or unfounded or reinstatement to the position prior to appointment if
the charges are found to be untrue or unfounded.  The plain wording of the
statute actually negates such a reading.

          The first sentence clearly states that
a person in Kelley’s position “has the same rights and privileges of a hearing
before [a hearing examiner] in the same manner and under the same conditions as
a classified employee.”  Id.  I do not read this to mean only as to
having a hearing.  This provision does not imply the all or nothing position
advocated by the City that the person’s firing is upheld unless the charges are
found untrue or unfounded.

          Rather, the provision makes it clear
that the person serving in an appointed position still has the same rights and
privileges to civil service protection after an appointment as before the
appointment when threatened with being fired for a civil service violation.

          Does the “rights and privileges” mean
only a hearing?  I do not believe it is so limited.  A fair reading means they
have the same rights and privileges they would have if they were still serving
in a classified position.  This means the person has the same rights and
privileges so the hearing examiner is limited to the same disciplinary remedies
as with any other classified position.

          As the City of Waco has consistently
argued in the alternative, the hearing examiner had no authority to demote
Kelley from Commander, the last position Kelley held prior to the appointment,
to sergeant.  Demotion is simply not an available remedy under these
circumstances because the police chief did not request demotion.  See Tex. Loc. Gov’t Code Ann. § 143.054 (Vernon 1999).  The available remedy and the results thereof are spelled out for the
examiner as follows: 

(e) In its decision, the commission shall state
whether the suspended fire fighter or police officer is:

 

          (1) permanently dismissed from the
fire or police department;

 

          (2) temporarily suspended from the
department; or

 

          (3) restored to the person’s former
position or status in the department’s   classified service.

 

(f)  If the commission finds that the period of
disciplinary suspension should be reduced, the commission may order a reduction
in the period of suspension.  If the suspended fire fighter or police officer
is restored to the position or class of service from which the person was
suspended, the fire fighter or police officer is entitled to:

 

          (1) full compensation for the actual
time lost as a result the suspension at the rate of pay provided for the
position or class of service from which    the person was suspended; and

 

          (2) restoration of or credit for any
other benefits lost as a result of the      suspension, including sick leave,
vacation leave, and service credit in a          retirement system.  Standard
payroll deductions, if any, for retirement     and other benefits restored
shall be made from the compensation paid,    and the municipality shall make
its standard corresponding contributions, if any, to the retirement system or
other applicable benefit systems.

 

Id. § 143.053(e), (f) (Vernon Supp. 2006).

          The examiner, however, not only
determined that the suspension should be temporary rather than permanent, the
examiner also busted Kelley back to sergeant because he determined that Kelley
should not return to work after the suspension as a commander.  Thus, under the
first sentence of § (f), the hearing examiner was authorized to reduce the
period of suspension because he determined that Kelley should be temporarily
suspended, for 180 days, id. § (e)(2), rather than permanently
dismissed, id. § (e)(1).[1] 
But nowhere in section 143.053 is the hearing examiner authorized to demote
Kelley.  The examiner clearly exceeded his authority.  The City’s issue should
be sustained, and the entire proceeding should be remanded to the hearing
examiner for further proceedings consistent with this opinion.

          On appeal, we can render the judgment
the trial court should have rendered.  In this appeal, that means we must
determine what judgment the trial court should have rendered.  In this
administrative appeal, the trial court could render the judgment the hearing
examiner should have rendered.  The hearing examiner, however, had a broad
range of options, but the option he chose happened to be invalid.  I recognize
that the hearing examiner’s decision to reduce the length of Kelley’s
suspension may have been closely related to his decision to demote Kelley.  Thus,
we do not know what decision the hearing examiner would have made if he had
known that a demotion was not an option.  The hearing examiner obviously
thought something more than a 180 day suspension was warranted for Kelley’s
actions.  The hearing examiner expressly determined Kelley should NOT be reinstated
to his former position as commander.  There is no question that the hearing
examiner could have affirmed the indefinite suspension.  There is no way for
the trial court or this Court to determine if the hearing examiner knew his
only option was to reinstate Kelley as commander whether he would have
reinstated him at all.  Alternatively, the hearing examiner may have decided to
substantially lengthen the suspension, maybe until all appeals are exhausted,
before he was reinstated as commander.  There is no cause, much less just
cause, for the majority to make the decision for the hearing examiner by
reinstating Kelley as a commander.

          This Court simply does not have the
authority to reinstate Kelley as commander.  That is giving a party who did not
file a notice of appeal a more favorable judgment without just cause.  See
Tex. R. App. P. 25.1(c).  And to
add to the impropriety, the majority is not only giving a non-appealing party a
more favorable judgment, they are giving him something he did not even ask for!

          I dissent, I really dissent.

Attorney Fees

          By the Court’s judgment, Kelley should
be returned to the same place he was when he first appealed the police chief’s
permanent suspension of him to the hearing examiner.  The majority, however,
also affirms the trial court’s award of attorney fees to Kelley.  Kelley is not
entitled to attorney fees because he would not be a prevailing party if he was
returned to the position immediately before his appeal to the hearing
examiner.  I must also, therefore, dissent from the majority’s judgment
awarding attorney fees.

Conclusion

          We do not know what the hearing
examiner, if faced with the knowledge that Kelley must be returned to
commander, would have done.  The hearing examiner, however, left no doubt that
he thought that was not warranted based upon the facts of Kelley’s violation. 
It would not have been error for the hearing examiner to affirm the indefinite
suspension.  Thus, we do not know what judgment the hearing examiner would have
or should have rendered.  I know what I would have done, but that, like knowing
what the majority would do, is not relevant to our review of what the hearing
examiner did.  Basically, there is no alternative than to start over.  Further,
we have no authority to give Kelley a more favorable judgment than did the
hearing examiner because Kelley is not an appealing party and he did not ask to
be reinstated as commander or complain about being busted back to sergeant.

Epilogue

 

Dear City of Waco,

 

          Sorry
to put you through this, but you are going to have to go to the Supreme Court
in Austin, again.  The Tenth Court of Appeals in Waco has some problems right
now that I hope are fixed real soon.  But for now, you are in the appellate
district that was reversed in 2006 more often than any other appellate court in
 Texas.[2]  I
have done what I could, by writing lots of dissenting opinions, but it has not
really helped the situation any.  Good luck on your trip to Austin.

 

 

                                                          Sincerely,

                                                          The
dissenting Chief Justice 

 

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed May 2, 2007 









[1]
 I note that the second sentence of
subsection (f), including the two subparts, is applicable only if the examiner
makes the determination under subsection (e)(3) that the person should be
restored to their former position.  As such, this provision is not applicable
to a person who has been temporarily suspended under subsection (e)(2), as
Kelley has been.  This limitation on the applicability of this provision should
not be confused with what may be the City of Waco’s obligation to pay Kelley
from the end of his temporary suspension, if ordered by the hearing examiner on
remand, through the date of payment, which may be a long time indeed.  But it
is not, technically speaking, a restoration to his former position under
subsection (e)(3) and the remedies described therefore in subsection (f)(1) and
(2).

 





[2]           See, in the last calendar
year, in the Texas Supreme Court, e.g., Norris
v. State Farm Mut. Auto. Ins. Co., No. 10-01-00370-CV, 2004 Tex. App. LEXIS
3433 (Tex. App.—Waco Apr. 14, 2004) (mem. op.), rev’d, 50 Tex. Sup. Ct. J. 269, 2006 Tex. LEXIS 1298 (Tex. Dec. 22, 2006);
Texas Dep't of Pub. Safety v. Alford, 154 S.W.3d 133 (Tex.
App.—Waco 2004), rev’d, 209 S.W.3d
101 (Tex. 2006) (per curiam); City of
Waco v. Kelley, No. 10-03-00214-CV, 2004 Tex. App. LEXIS 9828 (Tex.
App.—Waco Oct. 29, 2004) (mem. op.), rev’d, 197 S.W.3d 324 (Tex. 2006)
(per curiam); Univ. of Tex. Med.
Branch v. Estate of Blackmon, 169 S.W.3d 712 (Tex. App.—Waco 2005), vacated,
195 S.W.3d 98 (Tex. 2006) (per curiam); Scott
v. Citizen’s Nat’l Bank, No. 10-03-00322-CV, 2005 Tex. App. LEXIS 2587
(Tex. App.—Waco Mar. 30, 2005), rev’d sub nom. Citizens Nat'l Bank v. Scott,
195 S.W.3d 94 (Tex. 2006) (per curiam); Langley
v. Jernigan, No. 10-00-00373-CV, 2005 Tex. App. LEXIS 1687 (Tex. App.—Waco
Mar. 2, 2005) (mem. op.), rev’d, 195 S.W.3d 91 (Tex. 2006) (per curiam); Kiefer v. Touris, No. 10-03-00331-CV, 2005
Tex. App. LEXIS 5079 (Tex. App.—Waco June 29, 2005) (mem. op.), rev’d, 197
S.W.3d 300 (Tex. 2006) (per curiam); Elwood
v. Kroger Co., No. 10-02-00349-CV, 2004 Tex. App. LEXIS 10119 (Tex.
App.—Waco Nov. 10, 2004) (mem. op.), rev’d, 197 S.W.3d 793 (Tex. 2006)
(per curiam); Lingafelter v. Shupe, 154
S.W.3d 233 (Tex. App.—Waco 2005), rev’d, 192 S.W.3d 577 (Tex. 2006) (per
curiam).  

            See also, in
criminal cases, e.g., Westerman v. State, No. 10-04-00292-CR, 2005 Tex.
App. LEXIS 4842 (Tex. App.—Waco June 22, 2005) (not designated for publication)
(mem. op.), rev’d, No. PD-1314-05, 2006 WL 2694388 (Tex. Crim. App.
Sept. 20, 2006) (not designated for publication); Meza v. State, No.
10-05-00037-CR, 2005 Tex. App. LEXIS 5566 (Tex. App.—Waco July 13, 2005) (mem.
op.) (not designated for publication), remanded, 206 S.W.3d 684 (Tex.
Crim. App. 2006) (sua-sponte discretionary review); Kniatt v. State, 157
S.W.3d 83 (Tex. App.—Waco 2005), rev’d, 206 S.W.3d 657 (Tex. Crim. App.
2006), cert. denied, 127 S. Ct. 667 (2006); Olivas v. State, 153
S.W.3d 108 (Tex. App.—Waco 2004) (3 cases), rev’d, 202 S.W.3d 137 (Tex.
Crim. App. 2006); Olivas v. State, No. 10-02-00311-CR, 2004 Tex. App.
LEXIS 10131 (Tex. App.—Waco Nov. 10, 2004) (not designated for publication)
(mem. op.), rev’d, 203 S.W.3d 341 (Tex. Crim. App. 2006); Watson v.
State, 160 S.W.3d 627 (Tex. App.—Waco 2005), rev’d, 204 S.W.3d 404
(Tex. Crim. App. 2006); Herring v. State, 160 S.W.3d 618 (Tex. App.—Waco
2005) (mem. op.), rev’d, 202 S.W.3d 764 (Tex. Crim. App. 2006), cert.
denied, 2007 U.S. LEXIS 4430 (U.S. Apr. 23, 2007); State v. Stanley, 171
S.W.3d 516 (Tex. App.—Waco 2005), rev’d, 201 S.W.3d 754 (Tex. Crim. App.
2006); State v. Adams, No. 10-05-00102-CR, 2005 Tex. App. LEXIS 5971
(Tex. App.—Waco July 27, 2005) (not designated for publication) (mem. op.) (per
curiam), rev’d, Stanley, 201 S.W.3d 754; State
v. Rodriguez, No. 10-05-00103-CR, 2005 Tex. App. LEXIS 5914 (Tex. App.—Waco
July 27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Wachsmann, No. 10-05-00104-CR, 2005 Tex. App. LEXIS 5915 (Tex. App.—Waco
July 27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Juntunen, No. 10-05-00105-CR, 2005 Tex. App. LEXIS 5940 (Tex. App.—Waco
July 27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Carpenter, No. 10-05-00106-CR, 2005 Tex. App. LEXIS 5936 (Tex. App.—Waco
July 27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Rodgers, No. 10-05-00107-CR, 2005 Tex. App. LEXIS 5913 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Boutin, No. 10-05-00108-CR, 2005 Tex. App. LEXIS 5920 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Holmes, No. 10-05-00109-CR, 2005 Tex. App. LEXIS 5928 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Garcia, No. 10-05-00110-CR, 2005 Tex. App. LEXIS 5919 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Telles, No. 10-05-00111-CR, 2005 Tex. App. LEXIS 5939 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Leftwich, No. 10-05-00112-CR, 2005 Tex. App. LEXIS 5946 (Tex. App.—Waco
July 27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Collier, No. 10-05-00113-CR, 2005 Tex. App. LEXIS 5917 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Dobbs, No. 10-05-00114-CR, 2005 Tex. App. LEXIS 5938 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Bagby, No. 10-05-00115-CR, 2005 Tex. App. LEXIS 5918 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Unger, No. 10-05-00116-CR, 2005 Tex. App. LEXIS 5942 (Tex. App.—Waco July
27, 2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; State v.
Eby, No. 10-05-00117-CR, 2005 Tex. App. LEXIS 5916 (Tex. App.—Waco July 27,
2005) (not designated for publication) (mem. op.) (per curiam), rev’d,
Stanley, 201 S.W.3d 754; Cocke v.
State, 170 S.W.3d 747 (Tex. App.—Waco 2005), rev’d, 201 S.W.3d 744
(Tex. Crim. App. 2006), cert. denied, 167 L. Ed. 2d 332 (2007); Montanez v. State, 143 S.W.3d 344 (Tex.
App.—Waco 2004), rev’d, 195 S.W.3d 101 (Tex. Crim. App. 2006); Pena v. State, 166 S.W.3d 274 (Tex.
App.—Waco 2005), vacated, 191 S.W.3d 133 (Tex. Crim. App. 2006); Powell v. State, 151 S.W.3d 646 (Tex.
App.—Waco 2004), rev’d, 189 S.W.3d 285 (Tex. Crim. App. 2006); Robertson v. State, No. 10-03-00265-CR,
2004 Tex. App. LEXIS 10130 (Tex. App.—Waco Nov. 10, 2004) (not designated for
publication) (mem. op.), rev’d, 187 S.W.3d 475 (Tex. Crim. App. 2006). 

            Calendar year 2007 does not look good,
either.  See, e.g., Sonnichsen v. Baylor Univ., No. 10-02-00125-CV, 2004
Tex. App. LEXIS 7774 (Tex. App.—Waco Aug. 25, 2004) (mem. op.), rev'd &
judgm't rendered, No. 04-0851, 2007 Tex. LEXIS 319 (Tex. Apr. 20, 2007)
(per curiam); Coley v. Baylor Univ., 147 S.W.3d 567 (Tex. App.—Waco
2004), rev'd & judgm't rendered, No. 04-0916, 2007 Tex. LEXIS 322
(Tex. Apr. 20, 2007); In re Guardianship of Keller, 171 S.W.3d 498 (Tex.
App.—Waco 2005), rev'd sub nom. Zipp v. Wuemling, 50 Tex. Sup. Ct. J.
543, 2007 Tex. LEXIS 205 (Tex. Mar. 7, 2007) (per curiam); State Farm Life
Ins. Co. v. Martinez, 174 S.W.3d 772 (Tex. App.—Waco 2005), rev'd, 50
 Tex. Sup. Ct. J. 406, 2007 Tex. LEXIS 131 (Tex. Feb. 9, 2007); Wachovia
Bank of Del., N.A. v. Gilliam, No. 10-04-00038-CV, 2005
Tex. App. LEXIS 5039 (Tex. App.—Waco June 29, 2005 (mem. op.), rev'd &
judgm't vacated, 215 S.W.3d 848 (Tex. 2007) (per curiam); Hooper v.
State, 170 S.W.3d 736 (Tex. App.—Waco 2005), remanded, 214
S.W.3d 9 (Tex. Crim. App. 2007); Griggs v. State, 167 S.W.3d 74
(Tex. App.—Waco 2005), rev'd, 213 S.W.3d 923 (Tex. Crim. App. 2007).