IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00410-CV

 

Glenda Alford and Alfred 

G. Miller,

                                                                                    Appellants

 v.

 

Paul W. DuBose and Glenna 

DuBose,

                                                                                    Appellees

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 08-140-B-1

 



MEMORANDUM  Opinion










 

            Glenda Alford and Alfred
Miller appeal from the trial court’s order granting partial summary judgment in
favor of Paul and Glenna Dubose.  We affirm.

Background Facts

            Glenda Alford entered into
an agreement with Eric Miller on April 11, 2005.  The agreement was an exchange
of services for real estate.  Glenda was to develop approximately 95 acres of
land by:  (1) clearing the land of marketable timber with Eric receiving the
proceeds of sale; (2) clearing the remaining unusable trees, stumps, and brush;
(3) converting the land into usable livestock pasture; and (4) building and
repairing fences and suitable structures for livestock.  Eric was to provide
labor and equipment for developing the land. In return for developing the land,
Eric would convey to Glenda a ten acre tract of the land as her property.  The
agreement defined the tract as follows:

A rectangular lot encompassing F.M. 934
frontage, the existing driveway (granting easement to Mr. Miller for access to
the remaining 79.35[1]
acres), and the area surrounding the doublewide mobile home including the
structure itself and excluding the well. 

 

The above description was marked through
with an “X.” 

            In May 2005, Eric signed a
limited power of attorney in favor of Alfred Miller.[2] 
Alfred entered into a second agreement with Glenda on behalf of Eric.  That
agreement is dated July 1, 2005, and was filed in Freestone County on November
21, 2005. Eric revoked the limited power of attorney in a document dated
October 4, 2005.  The revocation was filed November 7, 2005. 

The second
agreement stated that Glenda would develop 95.35 acres of Eric’s land for use
as a livestock facility.  The second agreement restated the terms of the first
agreement on the labor to be performed by Glenda.  In fulfillment of the
contract, Alfred purportedly bound Eric to deed to Glenda 16 acres of the
95.35.  The second agreement contained the same description quoted above.  In
this purported agreement, the description of the land was not marked through
with an “X.” 

The parties got
into a disagreement over performance of the contract.  Eric sold the property
involved in this dispute to George Robinson, Trustee.[3] 
Robinson filed suit seeking, among other things, that the contract between Eric
and Glenda be declared unenforceable.[4] 
The trial court granted the Duboses’ motion for partial summary judgment and
found that because the contract between Eric and Glenda was vague that is was
unenforceable.  The trial court severed that claim from the cause.  

Standard of Review

We review the
grant or denial of a traditional motion for summary judgment de novo.  See
Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 n. 7 (Tex. 2005).  To be
entitled to summary judgment, the movant must demonstrate that no genuine
issues of material fact exist and that he is entitled to judgment as a matter
of law.  See Tex. R. Civ. P.
166a(c).  To determine if a fact issue exists, we must consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of
all the evidence presented.  Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence in the
light most favorable to the nonmovant, indulging all reasonable inferences in
favor of the nonmovant.  Nixon v. Mr. Property Management Co., 690
S.W.2d 546 (Tex. 1985).       

Analysis

            In the sole issue on appeal,
Glenda and Alfred argue that the trial court erred in finding that the legal
description contained in the contract was insufficient or unascertainable to
describe the property.  To be sufficient, the deed must furnish within itself,
or by reference to some other writing, the means or data by which the land to
be conveyed may be identified with reasonable certainty.  Morrow v. Shotwell,
477 S.W.2d 538, 539 (Tex. 1972); Littlejohn v. Kariel, 568 S.W.2d 452,
454 (Tex. Civ. App.—Waco 1978, no writ). The legal description in the
conveyance must not only furnish enough information to locate the general area,
as in identifying it by tract survey and county, it need contain information
regarding the size, shape, and boundaries.  Fears v. Texas Bank, 247
S.W.3d 729, 736 (Tex. App.—Texarkana 2008, pet. den’d).  Even when the record
leaves little doubt that the parties knew and understood what property was
intended to be conveyed, the knowledge and intent of the parties will not give
validity to the contract and neither will a plat made from extrinsic evidence.  Morrow
v. Shotwell, 477 S.W.2d at 540; Fears v. Texas Bank, 247
S.W.3d at 736.   

            The description of the
property does not include a reference to the county in which the property is
located, reference to a tract survey, or reference to any boundaries.  The
trial court did not err in finding that the description was unascertainable and
that, therefore, the contract was unenforceable.  The trial court did not err
in granting the Duboses’ motion for summary judgment. We overrule the sole
issue on appeal.

Conclusion

            We affirm the trial court’s
order granting the partial motion for summary judgment and having been made a
final judgment by the severance order.

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 20, 2011

[CV06]









[1] The agreement was altered to reflect
79.35 acres.  The change was initialed E.M. 

 





[2] Eric Miller and Alfred Miller are not
related. 





[3] Paul and Glenna Dubose are the real
parties in interest. 

 





[4] The Duboses are named as the plaintiffs
in the amended motion for summary judgment.  There was no challenge to their
designation as plaintiffs. 








to revisit our ruling.  See Wilson v. State, 267
S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref’d) (citing Saffle v.
Parks, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not “be allowed
to base the sentencing decision upon the sympathy they feel for the defendant
after hearing his mitigating evidence.”)).  Phillips’s fourth
issue is overruled.

We affirm the trial court’s judgments.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 26, 2009

Do
not publish

[CRPM]