

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00410-CV

**GLENDA ALFORD AND ALFRED
G. MILLER,**

                                                            **Appellants**

 **v.**

**PAUL W. DUBOSE AND GLENNA
DUBOSE,**

                                                            **Appellees**

───────────────

**From the 87th District Court
Freestone County, Texas
Trial Court No. 08-140-B-1**

───────────────────────────────

## MEMORANDUM  OPINION

───────────────────────────────

Glenda Alford and Alfred Miller appeal from the trial court's order granting partial summary judgment in favor of Paul and Glenna Dubose.  We affirm.

### Background Facts

Glenda Alford entered into an agreement with Eric Miller on April 11, 2005.  The agreement was an exchange of services for real estate.  Glenda was to develop approximately 95 acres of land by:  (1) clearing the land of marketable timber with Eric receiving the proceeds of sale; (2) clearing the remaining unusable trees, stumps, and

brush; (3) converting the land into usable livestock pasture; and (4) building and repairing fences and suitable structures for livestock. Eric was to provide labor and equipment for developing the land. In return for developing the land, Eric would convey to Glenda a ten acre tract of the land as her property. The agreement defined the tract as follows:

> A rectangular lot encompassing F.M. 934 frontage, the existing driveway (granting easement to Mr. Miller for access to the remaining 79.35[1] acres), and the area surrounding the doublewide mobile home including the structure itself and excluding the well.

The above description was marked through with an "X."

In May 2005, Eric signed a limited power of attorney in favor of Alfred Miller.[2] Alfred entered into a second agreement with Glenda on behalf of Eric. That agreement is dated July 1, 2005, and was filed in Freestone County on November 21, 2005. Eric revoked the limited power of attorney in a document dated October 4, 2005. The revocation was filed November 7, 2005.

The second agreement stated that Glenda would develop 95.35 acres of Eric's land for use as a livestock facility. The second agreement restated the terms of the first agreement on the labor to be performed by Glenda. In fulfillment of the contract, Alfred purportedly bound Eric to deed to Glenda 16 acres of the 95.35. The second agreement contained the same description quoted above. In this purported agreement, the description of the land was not marked through with an "X."

The parties got into a disagreement over performance of the contract. Eric sold

---

[1] The agreement was altered to reflect 79.35 acres. The change was initialed E.M.

[2] Eric Miller and Alfred Miller are not related.

the property involved in this dispute to George Robinson, Trustee.[3] Robinson filed suit seeking, among other things, that the contract between Eric and Glenda be declared unenforceable.[4] The trial court granted the Duboses' motion for partial summary judgment and found that because the contract between Eric and Glenda was vague that is was unenforceable. The trial court severed that claim from the cause.

## Standard of Review

We review the grant or denial of a traditional motion for summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex. 2005). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). To determine if a fact issue exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985).

## Analysis

In the sole issue on appeal, Glenda and Alfred argue that the trial court erred in finding that the legal description contained in the contract was insufficient or unascertainable to describe the property. To be sufficient, the deed must furnish within

---

[3] Paul and Glenna Dubose are the real parties in interest.

[4] The Duboses are named as the plaintiffs in the amended motion for summary judgment. There was no challenge to their designation as plaintiffs.

itself, or by reference to some other writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972); *Littlejohn v. Kariel*, 568 S.W.2d 452, 454 (Tex. Civ. App.—Waco 1978, no writ). The legal description in the conveyance must not only furnish enough information to locate the general area, as in identifying it by tract survey and county, it need contain information regarding the size, shape, and boundaries. *Fears v. Texas Bank*, 247 S.W.3d 729, 736 (Tex. App.—Texarkana 2008, pet. den'd). Even when the record leaves little doubt that the parties knew and understood what property was intended to be conveyed, the knowledge and intent of the parties will not give validity to the contract and neither will a plat made from extrinsic evidence. *Morrow v. Shotwell*, 477 S.W.2d at 540; *Fears v. Texas Bank*, 247 S.W.3d at 736.

The description of the property does not include a reference to the county in which the property is located, reference to a tract survey, or reference to any boundaries. The trial court did not err in finding that the description was unascertainable and that, therefore, the contract was unenforceable. The trial court did not err in granting the Duboses' motion for summary judgment. We overrule the sole issue on appeal.

### Conclusion

We affirm the trial court's order granting the partial motion for summary judgment and having been made a final judgment by the severance order.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 20, 2011
[CV06]